490 So.2d 1035 (1986)
Barbara W. EVANS, Now Barbara W. Nelson, Appellant,
v.
Douglas Edward EVANS, Appellee.
No. BD-241.
District Court of Appeal of Florida, First District.
June 27, 1986.
Michael A. Durant of Lewis, Paul, Isaac & Castillo, P.A., Jacksonville, for appellant.
Lyman T. Fletcher of Fletcher & Fletcher, Jacksonville, for appellee.
MILLS, Judge.
Barbara Nelson brings this appeal from an order modifying child custody. She asserts, and we agree, that the trial court erred in modifying the original child custody order when the noncustodial parent did not prove a material change in circumstances or show that the children's best interests would be promoted by such a modification. On cross-appeal, Douglas Evans contends the trial court erred by denying his request for child support. We disagree and affirm this portion of the order.
*1036 Barbara Evans Nelson, wife, and Douglas Evans, husband, were divorced in 1981. During the course of the marriage they produced three sons. Pursuant to the original divorce decree, the wife was granted custody of the children and the husband was required to maintain a $20,000 insurance policy on himself for the benefit of the wife and their children, purchase health insurance on the children, and pay $300 a month for child support.
The husband was never denied access to the children; however, he did not abide by the final judgment fully. First, he did not pay the health insurance on the children so that the wife was forced to assume this obligation. And second, the husband deducted $10 from his monthly obligation for every day he kept the children overnight. The wife released him from the obligation of paying the arrearages in exchange for his promise to resume paying the full amount of child support ordered.
In August 1983, the husband and wife made another oral agreement. Under the terms of this agreement, the children were to reside with the husband from August 1983 through the end of baseball season around June of 1984, and during this period neither party would pay child support except that the wife would provide money for school lunches, clothing and health insurance.
However, in January 1984, the husband began requesting additional child support from the wife, who responded by making arrangements for the children to be returned to her custody. Thereafter, the husband sought and was granted a temporary restraining order.
The husband then brought a motion for modification of child custody and increase in child support in an attempt to gain permanent custody of the children. On 25 October 1984, the trial court rendered an order granting custody of the parties' children to the husband. This appeal by the wife followed.
When considering a petition for modification of child custody, the trial court does not have the same degree of discretion as it does when entering the original decree. Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984). This is because the noncustodial parent "carries an extraordinary burden," McGregor v. McGregor, 418 So.2d 1073, 1074 (Fla. 5th DCA 1982), to prove that a material change in circumstances has occurred which warrants a change in custody and the interests of the minor children would be best served by such a proposed change. Id.; Section 61.1326, Florida Statutes (1983).
In the present case, the husband did not allege in his petition that a material change in circumstances had occurred, nor did the trial court make such a finding in its modification order. It may be argued that a change in circumstances took place when the wife allowed the children to temporarily reside with their father. However, this arrangement was entered under the assumption that the husband would return custody at the time he agreed to do so. It would be inequitable to allow the husband to benefit by a change he induced.
We find there is not sufficient competent, substantial evidence in the record of a material change in circumstances to support the trial court's modification of child custody. Therefore, reversal is required.
As to the husband's issue on cross-appeal, it was well within the trial court's discretion to deny his request for child support on the basis that the wife was not presently employed outside the home. According to Simonet v. Simonet, 279 So.2d 35 (Fla. 4th DCA 1973) cert. den. 289 So.2d 731 (Fla. 1974), the "pertinent criteria by which to measure support is, of course, the child's needs and the parent's ability to pay." The wife in the instant case is unemployed due to her decision to stay home and raise her children. There is no evidence whatsoever that she deliberately limited her income for the purpose of avoiding a possible support obligation.
Reversed.
*1037 NIMMONS, J., concurs.
WENTWORTH, J., dissents with opinion.
WENTWORTH, Judge, dissenting in part.
I agree with the majority's affirmance on the cross-appeal but respectfully disagree with reversal of the order as to the children's primary residence. The decision of this court will result in removal of the parties' sons, now aged 8, 11 and 13, from their father's home and presumably from the schools which they have attended for four of the five years since the 1981 divorce of their parents. Their primary residence there was initiated by agreement of the parties for the first year and since then has continued under interim court orders. The record evidence on conditions affecting the children clearly does not show any abuse of discretion in the ruling in favor of continuity of the children's lives.
The October 25, 1984, modification order on appeal appears to me to rest on adequate recitations and evidence of changed circumstances since the 1981 dissolution decree placing custody in the mother: i.e., the consensual arrangement which even by its original terms contemplated a year's change of the children's primary residence, and remarriage of both parties with attendant changes in their family structures. I would conclude that the order was properly entered upon motions for modification filed by each party, that it patently rests on considerations of the children's best interest independent of parental equities, and that it properly continues an annual pattern of residence which was initially established by the parties' agreement for return of the children to the mother for the summer period.