625 So.2d 93 (1993)
Attie Marie BRIDGES, Appellant,
v.
Robert David BRIDGES, Appellee.
No. 93-244.
District Court of Appeal of Florida, First District.
October 4, 1993.
Rehearing Denied November 1, 1993.
*94 Nancy M. Nowlis, Jacksonville, for appellant.
Gary Baker, Callahan, for appellee.
PER CURIAM.
The former wife appeals an order modifying primary residential custody of the parties' two minor children. We reverse.
The husband and wife were divorced by Consent Final Judgment of Dissolution of Marriage rendered March 3, 1992. The husband and wife agreed that the wife would have primary residential custody of the children. On April 8, 1992, the husband filed a Petition for Modification of Final Judgment, in which he alleged there had been material changes in circumstances and sought a modification placing primary residential custody of the children with him. Subsequent to a hearing, the trial judge modified custody placing primary residential custody of the children with the husband.
"Modification of custody is proper only if there is competent substantial evidence showing a substantial or material change in the circumstances of the parties since the entry of the original order and that the welfare of the children would be promoted by a modification of the custody provision." Dobbins v. Dobbins, 584 So.2d 1113, 1114 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla. 1992) (emphasis in original). Neither part of this two part requirement has been satisfied in the present case.
The only changes in circumstances relied upon by the trial judge in modifying custody which were changes subsequent to entry of the original order are that the husband has remarried and his new wife does not work, the husband now has his own home, the wife has remarried the man she allegedly cohabited with, the wife's new husband plays softball and/or golf three nights per week, the oldest child is not enrolled in T-ball or dance lessons, and the wife has listed her home in Callahan for sale and may move to Jacksonville. The majority of the testimony presented at the hearing and relied upon by the trial judge related to acts or behavior on the part of the wife which occurred prior to the entry of the original order of dissolution. The husband was aware of this evidence and the trial judge was aware of allegations of the wife's behavior prior to the entry of the original order.
The changes in circumstances since the entry of the original order are insufficient to constitute a substantial or material change of circumstances. The modification therefore amounts to an abuse of discretion. We reverse and remand for further proceedings consistent with this opinion.
BOOTH, BARFIELD and ALLEN, JJ., concur.