658 So.2d 568 (1995)
Linda Marie Vitovic SMOAK, Appellant,
v.
Ronald Albert SMOAK, Jr., Appellee.
No. 94-2328.
District Court of Appeal of Florida, First District.
June 23, 1995.
Rehearing Denied August 30, 1995.
Judy L. Groover, Baker & Groover, Jacksonville, for appellant.
Jolen Rawls Wolf, Gardner, Shelfer, Duggar & Bist, P.A., Tallahassee, for appellee.
PER CURIAM.
We review an appeal from an order modifying the primary residence of a minor child. Appellant raises three issues: (1) whether the trial court erred in denying a motion for continuance; (2) whether the trial court erred in allowing testimony regarding facts that existed before the marriage dissolution; and (3) whether the trial court erred in determining that a substantial, material change in circumstances supported a change in the primary residence of the minor child. We affirm the first two issues without discussion, but we reverse as to the third issue.
In seeking to modify the original decree awarding custody, the non-custodial parent carries an "extraordinary burden" to satisfy a two-prong evidentiary test: to prove a substantial and material change in circumstances and then show that the best interest of the child will be promoted by a change in custody. Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984). A trial court considering a petition for modification of custody does not have the same degree of discretion it has when entering the original decree. Id.
In the instant case, the mother was awarded primary residential custody of the minor child in the final judgment of dissolution. Upon his discharge from the military, *569 the father lived with his parents. The father requested and the mother agreed to allow an extended visitation with the child at his parents' home. After several months, the child was returned to her mother who subsequently agreed to allow the child to return for visitation with the husband while the child attended kindergarten. Shortly, after the child returned to him, the father petitioned for modification of primary residency and child support. After hearing, the court awarded primary custody to the father.
The order awarding custody to the father relies heavily on the amount of time the child has spent with the father even though the mother agreed to this liberal visitation. As we stated in Henderson v. Henderson, 537 So.2d 125, 127 (Fla. 1st DCA 1988), appeal dismissed, 542 So.2d 989 (Fla. 1989), "allowing this agreement to serve as a basis for transferring custody would have the deleterious effect of discouraging cooperation between parents when they agree to make temporary changes in their children's living arrangements to serve their children's best interests." See also Evans v. Evans, 490 So.2d 1035 (Fla. 1st DCA 1986). The other factors listed in the trial court's order neither separately nor cumulatively evidence a substantial and material change warranting a modification of custody. The father has failed to carry his "extraordinary burden." For these reasons, we reverse the court's order modifying the primary residence of the minor child and remand this cause with directions that primary physical custody of the child be returned to appellant in accordance with the terms of the final judgment of dissolution. The court may make such necessary further provisions to assure reasonable visitation with appellee.
ERVIN, MINER and BENTON, JJ., concur.