673 So.2d 49 (1995)
Joseph D. MYERS, Appellant,
v.
Sonya D. MYERS, Appellee.
No. 95-1043.
District Court of Appeal of Florida, First District.
December 18, 1995.
*50 Pamela Dru Sutton of Stone & Sutton, P.A., Panama City, for Appellant.
Bonnie K. Roberts, Bonifay, for Appellee.
ERVIN, Judge.
Joseph Myers appeals a final judgment modifying a child-custody award changing the primary residential custody of the parties' minor child, Lee, who suffers from ataxic cerebral palsy, from appellant to appellee, Sonya Myers. We reverse and remand, because the evidence did not meet the strict standard necessary to support modification.
The trial court found that the father and paternal grandmother are overprotective of the child and antagonistic toward the mother, and that their "smothering behavior" and "open animosity" are detrimental to the child. There is no competent, substantial evidence in the record to support this conclusion. There was no evidence that the father's participation in his son's school, karate lessons, and boy scout troop was detrimental to Lee. There was no evidence that the grandmother's presence at her grandson's school interfered with his development. On the contrary, evidence was presented that school personnel and Lee's karate teacher consider the father's participation to be positive.
The parties' stipulation for visitation does not require the parent with whom Lee is staying to guarantee telephone access to the other parent. Nor does it authorize the mother's current husband to pick Lee up from his daycare center. The evidence, moreover, that the grandmother and daycare staff speak about Lee's mother in derogatory terms within earshot of Lee is regrettable but insufficient to warrant modification of custody. The evidence submitted that the father does not keep the mother informed about certain of Lee's activities, when she has the ability to keep herself so informed, simply demonstrates a communication problem between the parties. Although such conduct is less than exemplary, it clearly does not establish a material change of circumstances. Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984).
The expert testimony provided by Dr. James Hord, clinical psychologist, was, similarly, unpersuasive. The most that can be said of his disagreement with the father and grandmother's care was that they permitted Lee to use a bottle and diaper when he was almost five years old, and that the father allowed his son to sleep with him and the father's girlfriend. The record, however, *51 shows that the bottle and diaper use stopped once the mother expressed her concern to the father. In regard to the sleeping incident, Dr. Hord never inquired into the circumstances, such as whether Lee had simply fallen asleep on the bed while watching television with the adults. In fact, Dr. Hord acknowledged that the child might have dreamed the incident.
The noncustodial parent seeking to modify an award of custody carries an "extraordinary burden." Zediker, 444 So.2d at 1036. The noncustodial parent must show: (1) a substantial or material change in circumstances of the parties since entry of the original custody order, and (2) that the welfare of the child will be promoted by a change in custody. Shelley v. Shelley, 480 So.2d 166, 168 (Fla. 1st DCA 1985), review denied, 491 So.2d 280 (Fla.1986). In our judgment there is no competent, substantial evidence sufficient to support the trial court's decision to modify the original custody order. We direct the court on remand to deny the mother's petition for modification and reconsider the father's counter-petition regarding the visitation schedule.
REVERSED and REMANDED.
BOOTH and WEBSTER, JJ., concur.