691 So.2d 39 (1997)
Sandra K. NEELY, Appellant,
v.
Michael D. NEELY, Appellee.
No. 96-2861.
District Court of Appeal of Florida, First District.
April 4, 1997.
Cynthia Stump Swanson and Joye M. Clayton of Swanson, Sperling & Clayton, P.A., Gainesville, for appellant.
S. Scott Walker of Watson, Folds, Steadham, Tovkach & Walker, Gainesville, for appellee.
WOLF, Judge.
The former wife appeals from an order granting primary residential responsibility to the former husband. She alleges that the trial court abused its discretion in modifying the final judgment without finding that there had been a substantial change in circumstances. We determine that the trial court incorrectly determined that this standard was not applicable, and we reverse and remand for further consideration.
Michael D. Neely, appellee, and Sandra K. Neely, appellant, were married on September 21, 1985, in Gainesville, where they have both resided until this time. The parties are the parents of a minor child, Ashley Nicole Neely, born July 25, 1989. The parties divorced on May 3, 1993. The final judgment of dissolution of marriage incorporated the parties' marital settlement agreement. It was agreed in their settlement that the parties would share parental responsibility for their daughter Ashley, that the father would be the primary residential parent for three years while appellant was enrolled in nursing school, and at the end of the three-year period, the mother would become the primary residential parent. At the time of the modification hearing, the mother had already become the primary residential parent pursuant to the parties' agreement.
The final judgment of dissolution of marriage states:
Primary physical residence of the parties' minor child shall be with the Husband for a period of three (3) years. At the end of said time the primary physical residence of the parties minor child shall be with the wife.
Appellant became engaged to Kevin Thomas Watkins, a physician who is also a captain in the air force. Dr. Watkins will complete a two-year fellowship in surgical oncology at the University of Texas Medical Center. Dr. Watkins testified that there is a possibility he may be reassigned overseas after these two years, or that they might move to San Antonio, Texas. Appellant had plans to marry Dr. Watkins on November 30, 1996.
Around March 11, 1996, appellee filed a petition for modification of final judgment alleging that since the entry of final judgment a substantial change of circumstances had occurred. Appellee based his allegations on appellant's forthcoming plans to move to *40 Texas, and claimed that the move would affect the stability of the child.
In granting modification, the court did not base its decision on whether there has been a substantial change in circumstances. The court stated, "I'm finding that the parties made an agreement, the question is whether or not I'm going to effectuate the agreement they made, and the answer is no." In the order regarding primary physical residence at issue here, the court found: "If the court were to enforce the terms of the parties separation and property settlement agreement, the child would now have to be moved to Texas." The court declined to effectuate the terms of the agreement and entered an order granting primary physical residence to the father, based on appellant's move to Texas.
In modifying an original custody order, even if it is one that was entered pursuant to an agreement between the parties, the court must determine whether there has been a substantial change in circumstances, and whether the welfare of the child will be promoted by the change in custody. Buttermore v. Meyer, 559 So.2d 357 (Fla. 1st DCA 1990). Because the trial court applied the wrong legal standard, we reverse and remand so that the trial court may apply the correct legal standard in this modification proceeding.
JOANOS and VAN NORTWICK, JJ., concur.