705 So.2d 1064 (1998)
John William VOORHIES, Appellant,
v.
Sherrie Hodgins VOORHIES, Appellee.
No. 97-2007.
District Court of Appeal of Florida, First District.
February 19, 1998.
*1065 Charles M. Wynn, Marianna, for Appellant.
Bonnie K. Roberts, Bonifay, for Appellee.
PER CURIAM.
The father challenges an order changing custody of the parties' minor son from shared custody between the parents to primary custody with the mother. There is no competent substantial evidence to support a substantial and material change in circumstances or that such modification would be in the best interests of the child. We, therefore, reverse and remand with directions that the original order be reinstated as to the provisions regarding custody and as to dependency for income tax purposes.
The trial judge expressed his belief that rotating custody arrangements never work. Even when a trial court disfavors an original custody order, which was based on an agreement between the parties, it must still find a substantial change in circumstances and that the child's welfare will be promoted before changing custody. See, e.g., Neely v. Neely, 691 So.2d 39 (Fla. 1st DCA 1997) (reversing modification where judge indicated the only issue was whether he was going to effectuate the terms of the original agreement and he declined to do so). The law is well established that the trial court has less discretion in modifying custody than in its initial custody determination, and the party seeking a modification carries the extraordinary burden of proving substantial and material change in circumstances and that the best interests of the child will be promoted by such modification. See, e.g., Neely, supra; Smoak v. Smoak, 658 So.2d 568 (Fla. 1st DCA 1995); Holmes v. Greene, 649 So.2d 302 (Fla. 1st DCA 1995). This is so even when the original order called for split or rotating custody, especially when such an arrangement appears to have been reasonably successful. See Harpman v. Harpman, 694 So.2d 101 (Fla. 5th DCA 1997) (reversing modification of rotating custody where judge took judicial notice that such arrangements create an unsettled environment, and the only complaint was that the children would ask where they were scheduled to stay, a circumstance which is consistent with the nature of such arrangements, not a change in circumstances); Quinn v. Settel, 682 So.2d 617 (Fla. 3d DCA 1996) (affirming trial court's adoption of agreement between parties to rotating custody based on evidence such arrangement had worked well and there had been no substantial change in circumstances to justify altering it); Peaden v. Slatcoff, 522 So.2d 959 (Fla. 1st DCA 1988) (reversing order modifying equal shared custody *1066 arrangement where such arrangement had been reasonably successful for previous four years and the record showed no substantial basis for changing it).
Because we agree the evidence does not show a material change in circumstances requiring modification, we do not reach the father's secondary argument that he should have been granted primary custody.
Reversed and remanded with directions.
MINER, J., and SHIVERS, Senior Judge, concur.
WOLF, J. dissents with opinion.
WOLF, Judge, dissenting.
The trial court specifically found a substantial and material change in circumstances. The court found that the present split custody arrangement is at least partially responsible for the child's falling grades. The trial judge also found that the child, "who has the ability to be a good student needs more stability in his environment." At the time the agreement was signed, the parties were not aware that the split custody agreement would result in falling grades, or that this child would need a more stable environment. I, therefore, see no reason why a child's school performance cannot constitute a substantial change in circumstance.
While the evidence of the relationship between the rotating custody and the grades is conflicting, I believe that there was sufficient evidence supporting the trial court's finding.
I would affirm.