707 So.2d 856 (1998)
Deborah R. FINNEY, f/k/a Deborah R. Giddens, Appellant,
v.
Jesse Lee GIDDENS, Appellee.
No. 96-01007.
District Court of Appeal of Florida, Second District.
March 4, 1998.
*857 Tony C. Dodds of Weeks & Dodds, P.A., Lakeland, for Appellant.
No appearance for Appellee.
QUINCE, Judge.
The former wife, Deborah Finney, challenges an order of the trial court modifying the custody provisions of a final judgment of dissolution and striking child support arrearage. We reverse because Jesse Giddens, the former husband, did not demonstrate a substantial and material change in circumstances to justify modification of custody. We also reverse that portion of the order striking the child support arrearage.
Mrs. Finney filed a petition for modification of child support and a petition for determination of outstanding arrearage. Mr. Giddens counterpetitioned for modification of custody and support. The parties were divorced on July 6, 1979, and primary residential custody of their minor children, Jesse Lynn and Lacey Lee, was given to Mrs. Finney. Mr. Giddens was ordered to pay support of $30.00 per week.
On the issue of child support arrearage, Mrs. Finney testified she had only received three payments of $30.00 from Mr. Giddens since the divorce in 1979. On the other hand, Mr. Giddens testified he paid support until the former wife married her present husband; thus, no support had been paid for a period of two and one-half years at the time of the hearing. Additionally, both Giddens and his present wife acknowledged there was a one year period when he could not see the children so he did not pay child support.
On the custody issue, there was conflicting testimony concerning which parent Lacey lived with following Mrs. Finney's remarriage. However, the parties agree that Lacey had lived with her father for at least two months prior to the instigation of these proceedings. Both parties also acknowledged that Lacey has lived with her father on and off over the last two and one-half years. They also indicated Lacey wants to live with her father.
Becky Hosmer, one of Lacey's junior high school teachers, testified that Lacey was having difficulties in school, including excessive absenteeism. Lacey had been placed in a prevention and diversion program for potential dropouts because she was disinterested and unmotivated. Ms. Hosmer further testified that Lacey's inattention had increased during the period she had been living with her father. Ms. Hosmer opined that Lacey's quarterly grades would be lower because of her recent absenteeism. Ms. Hosmer testified that Mrs. Finney contacted her and conferred with her concerning Lacey's problems.
*858 Although Ms. Hosmer contacted Mr. Giddens concerning Lacey's school performance, he did not attend the parent-teacher conference or otherwise contact Ms. Hosmer concerning Lacey's progress. The trial court found it was in Lacey's best interest to modify primary residential custody and offset any outstanding support arrears with the former wife's present obligation to pay support.
The party requesting a change in residential custody carries the extraordinary burden of proving, and the trial court must make a finding, that there has been a substantial and material change in circumstances such that it would be detrimental to the minor child to remain with the custodial parent, and that a change of custody would be in the child's best interest. See Bartolotta v. Bartolotta, 687 So.2d 1385 (Fla. 4th DCA 1997); Kelly v. Kelly, 642 So.2d 800 (Fla. 2d DCA 1994). The evidence presented to the hearing officer was that Lacey had been living with her father on and off for the last two and one-half years, had lived with him for at least two months prior to this proceeding, and that she wanted to continue to live with him. These circumstances do not demonstrate a substantial and material change in circumstances. See Heatherington v. Heatherington, 677 So.2d 1312 (Fla. 2d DCA 1996). The trial court did not make an affirmative finding of a substantial and material change of circumstances and therefore erred in changing custody based on evidence presented.
Although there is conflicting testimony concerning whether or not Mr. Giddens paid all the child support since 1979, it is undisputed that he failed to make payments for the one year period he did not see the children and for the two and one-half year period since the former wife married Mr. Finney. On remand the trial court should determine the amount of support owed for these two periods and make a schedule for payment of the arrearage. See Kranz v. Kranz, 661 So.2d 876 (Fla. 3d DCA 1995); Panganiban v. Panganiban, 396 So.2d 1156 (Fla. 2d DCA 1981).
We reverse the order of the trial court changing primary residential custody and remand for the trial court to address the issue of child support arrearage.
BLUE, A.C.J., and NORTHCUTT, J., concur.