729 So.2d 402 (1998)
Lisa KILGORE, n/k/a Lisa Holton, Appellant,
v.
John D. KILGORE, Appellee.
No. 97-4570.
District Court of Appeal of Florida, First District.
December 28, 1998.
Rehearing Denied April 12, 1999.
*403 Gary Baker, Callahan, for Appellant.
Alexa K. Alvarez of Alvarez & Page, P.A., Fernandina Beach, for Appellee.
PER CURIAM.
Appellant, the former wife in this domestic relations proceeding, contests an order modifying the final judgment of dissolution of marriage. The former wife maintains the circuit court erred in modifying the final judgment without making a sufficient finding of a substantial and material change in circumstances, and the court erred in changing the primary residential custody of the parties' minor children from her to the former husband. We reverse.
The final judgment of dissolution of the parties' marriage was rendered January 18, 1990. The final judgment provided for shared parental responsibility, and placed primary residential custody of the children with their mother. The former husband was directed to pay child support in the total amount of $100.00 per week ($50.00 per week per child).
On November 16, 1992, the circuit court entered an order on the parties' competing motions for modification, and on the wife's motion for contempt predicated on the former husband's delinquent child support payments. The order provided that both parties were prohibited from smoking in the presence of the children, and prohibited the parties from permitting others to do so. The court further ordered that, in the event the husband's mother was unable to provide day care for the children, the husband was to pay for a licensed day care center to provide day care services, with the husband to be solely responsible for payment of the day care until such time as the wife was able to secure employment. The former husband's motion for modification was denied, as was the former wife's motion for contempt.
Thereafter, the former wife filed a supplemental petition to increase child support. On August 5, 1996, the former husband filed a supplemental petition for modification of child custody. The former husband alleged a substantial change in circumstances, including an increase in the amount of time the children had resided with the former husband since 1994, and the children's expressed preference to remain in the former husband's home. The former husband also alleged the former wife had allowed men to stay overnight in her home when the children were present.
On September 9, 1996, the wife filed a motion to dismiss the husband's petition for modification of child custody, and a cross-petition for modification. The motion rejected the former husband's allegation that the children expressed a wish to live with him, as indicative of his breach of his parental responsibility to refrain from involving the children in any disputes or decisions regarding the children's welfare. In her cross-petition for modification, the former wife alleged the husband was paying child support in an amount significantly below the amount indicated by the child support guidelines. In *404 this regard, the former wife alleged that the Department of Health and Rehabilitative Services had contacted the parties regarding the calculations of child support. The Department advised the parties that the former husband's child support obligation should be $793.60 per month, rather than the $100 per week established in the final judgment. The former wife moved for an upward modification of the husband's child support obligation, with child support to be set at the statutory limit.
On September 16, 1996, the former wife filed a motion for contempt, alleging the former husband had refused to pay child care expenses prior to the wife's obtaining employment, as ordered by the modified final judgment. The motion further alleged the former husband enrolled the parties' son in football, and regularly gave the son laxatives to maintain the child's ability to play within a specific weight class, and enrolled the parties' daughter in cheerleading, and allowed her to participate in the rain and inclement conditions soon after her recovery from bronchitis.
On December 17, 1996, the former husband filed a motion for contempt and an amended petition for modification of child custody. The former husband alleged the wife had continued to smoke cigarettes in the children's presence, despite the court's order. The former husband then alleged a change in circumstances, including the former wife's relationships with men and allowing men to whom she is not married to stay overnight in her home. Further, the former husband alleged the former wife left the children unattended in the afternoons and evenings, while she worked and went out for social occasions. The former husband also alleged that since 1994, the children had resided a greater portion of the time in his home than in the home of the former wife.
On October 15, 1997, the circuit court entered its "Order Modifying Final Judgment of Dissolution of Marriage and Change of Primary Residential Responsibility." The court found the former wife has a net income of $216.00 per week; the former wife admitted to violating the 1992 modification order by smoking cigarettes in the children's presence; and the former wife had placed the children on the reduced lunch program, but admitted to spending $1.85 per pack for cigarettes. The order states: "The Former Wife is taking food from her children's mouths by smoking cigarettes." The court further found:
6. The Former Wife is not married, and has had several relationships with men.
7. The Former Husband has remarried, and provides a traditional family atmosphere for the children. He assists the children with their homework, encourages their participation in athletics, takes them hunting, camping and fishing, and attends activities at their schools, such as open house and teacher conferences. He is the de facto residential parent.
8. Both parents are loving parents to the children, but the Former Husband is better able to provide a stable home for the children at this time.
The circuit court modified the final judgment, awarding the former husband primary residential responsibility of the children, subject to shared parental responsibility. After specifying a detailed visitation schedule, the court ordered the former wife to pay child support to the former husband in the amount of $73.00 per week.
On October 27, 1997, the former wife filed a motion for rehearing. The former wife alleged the evidence was insufficient to prove any of the findings in the modification order. The wife further alleged her financial difficulties had come about because the former husband was paying child support in an amount far below the amount called for by the child support guidelines. The former wife noted the former husband did not seek a change in residential custody until the former wife served notice of her intention to seek increased child support. The former wife admitted the children had seen her smoking, but asserted she had not smoked in an enclosed area. The motion states the only testimony about the wife's relationships with men was her own testimony that she had had relationships with two men within the preceding five years, and there was no evidence of any problems between the two men and *405 the children.[1] The former wife's motion states the former husband admitted he and his present wife lived together for two years prior to their marriage. Paragraphs 6 and 7 of the motion state:
6. There was conflicting evidence presented about who actually helped the children with their homework. The former Wife and her boss both testified the children came to her place of employment from 3:00 p.m. until 5:00 p.m. and the former Wife was allowed to help them with their homework. Since the children were A-B students the former Wife did not need to set up teacher-parent conferences.
7. There was testimony that the stepmother, not the former Husband, had gone on a couple of field trips as she does not work on Fridays.
In the rehearing motion, the former wife also asserted there was insufficient evidence to support any finding of a significant and material change in circumstances to warrant the court's decision to modify primary residential care of the children. The former wife also asserted the order did not even state there was such substantial change in circumstances since entry of the final judgment of dissolution of marriage. The circuit court summarily denied the wife's motion for rehearing.
Generally, the failure to provide a transcript or a proper substitute precludes consideration of the merits of a challenge to a circuit court's decision to modify child custody. See Fenner v. Fenner, 599 So.2d 1343, 1345 (Fla. 4th DCA), review denied, 613 So.2d 3 (Fla.1992); Casella v. Casella, 569 So.2d 848, 849 (Fla. 4th DCA 1990). Consideration of the merits of such cases is limited to those in which "an error of law is apparent on the face of the judgment." See Hirsch v. Hirsch, 642 So.2d 20, 21 (Fla. 5th DCA 1994). See also Bartolotta v. Bartolotta, 687 So.2d 1385, 1386 (Fla. 4th DCA), review denied, 697 So.2d 509 (Fla.1997).
It is well settled that the circuit court has far less authority and discretion to modify child custody than to make the initial custody determination. The party seeking a change in custody bears the extraordinary burden of proving (1) a substantial and material change of circumstances, and (2) the welfare of the child will be promoted by the change in custody. See Neely v. Neely, 691 So.2d 39, 40 (Fla. 1st DCA 1997); Myers v. Myers, 673 So.2d 49, 50 (Fla. 1st DCA 1995); Smoak v. Smoak, 658 So.2d 568 (Fla. 1st DCA 1995); Blosser v. Blosser, 707 So.2d 778, 780-81 (Fla. 2d DCA 1998). A modification order should be reversed if the noncustodial parent fails to allege the occurrence of a substantial and material change of circumstances, and the trial court fails to make a finding to that effect. See Evans v. Evans, 490 So.2d 1035 (Fla. 1st DCA 1986).
In Bartolotta, the court noted the mother indicated that she could not afford to file transcripts of the trial court proceedings. Since the mother's arguments focused on the legal insufficiencies of the father's petition for change of custody and the trial court's findings, the appellate court concluded it could properly consider the merits of the mother's appeal. In its consideration of the merits, the court proceeded on the assumption that the trial court's findings were true. See Bartolotta, 687 So.2d at 1386. See also Casella, 569 So.2d at 849.
In this case, the former husband's petition expressly alleged a substantial change of circumstances. The circumstances which the husband relied upon as warranting a change of residential custody were allegations that since 1994, the children had spent a greater amount of time with him than with the former wife; the former wife had smoked in front of the children, in violation of an earlier court order; and the former wife had permitted men to whom she was not married to spend the night in her home when the children were present. As to the latter point, the former husband alleged that he "believes" the overnight stay of an unrelated male in the former wife's home has been deleterious to the children. However, the former husband did not allege that the former wife's relationships with men actually had been deleterious to the children, nor did *406 he allege any facts which would support an inference that such was the case.
The modification order does not contain an express finding of a substantial change of circumstances. Instead, the order contains findings that the mother was taking food from her children's mouths by smoking cigarettes, the mother was unmarried and had had several relationships with men, and the father was remarried and provides a traditional family atmosphere for the children. The court further found the former husband is the de facto residential parent. Since the failure to make an express finding of a substantial change of circumstances is an error of law apparent on the face of the judgment, the absence of a hearing transcript does not preclude our consideration of the merits of the modification order. See Bartolotta.
Numerous opinions from this court and other Florida district courts, hold that one parent's remarriage and improved life and financial circumstances since the dissolution and initial custody determination do not constitute the substantial change of circumstances required for a modification of the initial custody determination. See, e.g., Holmes v. Greene, 649 So.2d 302 (Fla. 1st DCA 1995); Bridges v. Bridges, 625 So.2d 93 (Fla. 1st DCA 1993); Finney v. Giddens, 707 So.2d 856 (Fla. 2d DCA 1998); Blosser v. Blosser, 707 So.2d 778 (Fla. 2d DCA 1998).
In Finney, the court concluded that evidence the child had been living with her father off and on for the preceding two and one-half years, had lived with him for two months prior to the custody proceeding, and wanted to continue to live with him, did not demonstrate a substantial and material change of circumstances. Further, the court noted that the trial court failed to make an affirmative finding of a material and substantial change of circumstances. The court held the trial court erred in changing custody on the basis of the evidence presented, and reversed the order modifying the initial custody determination.
In Holmes v. Greene, this court noted the father's remarriage and stable home life "has repeatedly been held not to constitute a change in circumstances sufficient to sustain a change in primary residence." 649 So.2d at 304. Of significance to the instant case, the court further observed that "the evidence strongly suggests that, were the former husband paying a sum remotely approaching that which the child support guidelines reflect should be his child support obligation, it would not be necessary for the former wife to continue working irregular hours." See id. The court observed that as a general rule, a 10-year-old does not possess the character traits necessary to make an intelligent decision about residence with one parent or the other.[2]
The cases applying the two-pronged test for modification emphasize that the party seeking to change custody must plead and prove that circumstances since the final judgment have materially changed, and the change has had such an important impact upon the child that the trial court is justified in changing custody to promote the child's best interest. See Neely v. Neely, 691 So.2d 39, 40 (Fla. 1st DCA 1997); Smoak v. Smoak, 658 So.2d 568 (Fla. 1st DCA 1995); Blosser v. Blosser, 707 So.2d 778, 781 (Fla. 2d DCA 1998).
In this case, the circuit court essentially compared the mother's parental fitness to that of the father. In this regard, the court found the former husband has remarried and provides a traditional family atmosphere for the children, and is better able than the former wife to provide a stable home for the children. Such comparison is legally insufficient to support a modification order, because it fails to establish a substantial change of circumstances. See Holmes v. Greene; Bartolotta v. Bartolotta; Grumney v. Haber, 641 So.2d 906 (Fla. 2d DCA 1994). While the circuit court found the former wife is not married, and has had several relationships with men, the court made no finding *407 that the mother's relationships affected the children in any way. Further, the court made no finding which could be interpreted as a determination that the mother's parenting skills had so deteriorated since entry of the final judgment of dissolution that it would be detrimental to the children to remain in her care and custody.
We assume, as we must, the truth of the factual findings set forth in the modification order. Nevertheless, we conclude the order is deficient, because the trial court failed to make an express finding of a substantial change of circumstances. Moreover, even if we were of the view that a finding of a substantial change of circumstances could be implied, the factual findings actually set forth in the modification order are legally insufficient to establish the material and substantial change of circumstances essential to support a change of primary residential custody.
Accordingly, the order changing the primary residence of the parties' children is reversed, and the cause is remanded.
JOANOS, ALLEN and WEBSTER, JJ., concur.
NOTES
[1] The record does not include a transcript of the modification hearing, and the parties have not furnished a stipulated approved statement of the evidence.
[2] The children in this case were eight and ten years of age respectively, when the modification order was entered. Since the modification order did not cite the children's preference as a basis for modification, we are not concerned with the former husband's allegation that the children wished to live with him.