WOLF, J.
Appellant appeals the dismissal of his petition to modify the custody arrangements in the parties’ final judgment of dissolution of marriage. Because appellant’s allegations, if true, would amount to a material and substantial change in circumstances, we reverse.
After 15 years of marriage, the parties were divorced on December 1, 1993. They reached a settlement agreement which included the custody arrangements for their two children. The son was to live with appellant, and the daughter was to live with appellee. The agreement provided for regular contact between the two children, including spending every weekend together alternating between the parents.
According to appellant’s petition, very little has gone according to plan. Specifically, appellant alleged a substantial change in circumstances as follows:
Since the parties’ original agreement, a substantial change of circumstances has occurred such that primary residency of [daughter] should be modified and child support for both children should be awarded to the former husband:
(A) On or about August 1, 1995, the former wife left Tallahassee to obtain an advanced nursing degree in Birmingham, Alabama. The [daughter] stayed in Tallahassee and resided with the former husband and her brother....
(B) During the time the former wife was in Birmingham, Alabama, she had very limited contact with the minor children. This was of her own accord and to the dismay of the minor children.
(C) The former wife began paying child support for [daughter] to the former husband of $200 per month at that time. The former husband became responsible for virtually all of [daughter’s] expenses with the exception of the previously bargained-for health expenses.
(D) The former wife relocated back to Tallahassee, Florida, but [daughter] has continued to reside with her brother and the former husband and has done so for at least the last three years. At that time, the former wife agreed to pay to the former husband $500 per month for child support.
(E) The former wife has never availed herself to the complete visitation agreement. She has never had mid-week visits with the children despite the former husband’s encouragement to do so. She has often not picked the children up for her weekend visitation until Saturday morning, alleging conflicts. The children and their father have then seen her out at restaurants on Friday nights with her friends (alleged conflicts).
(F) The children are both performing well in school and are actively involved in extra-curricular activities.
(G) It is in their best interest to remain in the primary residence of the former husband and would be to the detriment of both children for the [daughter] to return to the primary residence of the former wife. The former wife has, on more than one occasion, failed to pick Meredith up from school on her proposed weekend visitation. One occasion was the very recent hurricane, causing the child to have to walk home in the rain and storm. The former wife has not shown the degree of care necessary to care for this child on a part-time basis, let alone a full-time basis.
(H) [Daughter] is 13 years old and desires to continue residing with her father and brother. It is in the best interest of the children to remain residing together as a family.
(I) The former wife recently stopped her $500 per month child support payments for [daughter]. She has never paid child support for [son]. This is causing financial strain on the former husband. The former wife is well able to support financially these children and should be required to do so.
*91 The trial court ruled that appellant’s allegations failed to demonstrate a substantial change of circumstances, and therefore, would not support a modification of the permanent custody agreement. See Smoak v. Smoak, 658 So.2d 568 (Fla. 1st DCA 1995). In reviewing an order granting a motion to dismiss for failure to state a cause of action, the appellate court must accept as true all well-pled allegations in the complaint and draw all reasonable inferences in favor of the pleader. See W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297, 300 (Fla. 1st DCA 1999). The issue before us in this case is whether the appellant’s allegations of voluntary relinquishment of custody for a substantial period of time, when coupled with other factors, may constitute a substantial change in circumstances.
The requirement to demonstrate a substantial change in circumstances has been described as an exceptional burden. See Smoak, 658 So.2d at 568. Clearly, the reasoning behind this statement is to preclude parties to a dissolution from continually disrupting the lives of children by initiating repeated custody disputes. This burden, however, should not preclude legitimate review in the best interests of the child where there have been significant changes affecting the well being of the child, especially when the change of circumstances has occurred over a substantial period of time.
Although it has been argued that under Florida law a voluntary relinquishment of custody may never constitute a substantial change of circumstances, a review of the case law demonstrates that this statement is misleading and overly broad. In Henderson v. Henderson, 537 So.2d 125 (Fla. 1st DCA 1988), where a temporary change in custody resulted in a longer separation from the mother than had been anticipated caused by the husband’s failure to honor the parties’ agreement, this court determined that allowing “appellee to benefit from a change he induced by promising to keep the twins only temporarily would be inequitable.” Id. at 127. In Evans v. Evans, 490 So.2d 1035 (Fla. 1st DCA 1986), where the only allegation of a change of circumstances had been a temporary change of custody which had been lengthened by the husband’s failure to honor the custody agreement, we determined that modification of the custody agreement was inappropriate. See id. at 1036. In Smoak v. Smoak, 658 So.2d 568 (Fla. 1st DCA 1995), where the only factor mentioned in the opinion to support a modification of custody was that the father had been allowed extended visitation with the child, we determined that modification was inappropriate. See id. at 569. In Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984), where we reversed a trial court’s order modifying custody, there had been no allegation that the child had been living with the noncustodial parent for a substantial period of time. The facts of these cases differ substantially from the facts alleged by appellant here.
In the instant case, it is alleged that appellee voluntarily left the child with appellant for two years while going to school, and for over one year after returning to Tallahassee. During this period, appellee had limited contact with the children and did not exercise the visitation encouraged by appellant. There is no indication in appellant’s petition that appellant’s misdeeds caused the extended change of residence. The allegations are that the child is thriving in an atmosphere in which ap-pellee allowed her to voluntarily remain for a substantial period of time and that the 13-year-old child wishes to remain with her father and brother. These facts, if true, constitute a substantial change in circumstances. The trial court, therefore, erred in dismissing the petition.
Accordingly, we reverse the order of dismissal and remand the case for further proceedings.
PADOVANO, J., concurs; MINER, J., dissents with written opinion.