PER CURIAM.
Appellant, Wayne Strickland, appeals an order changing the primary residence of the parties’ child. Upon a careful review of the entire record, we find that there was no competent substantial evidence to support the trial court’s finding of a substantial or material change in circumstances since the entry of the last custody order.[1] Thus, Appellee failed to satisfy her extraordinary burden, and the trial court abused its discretion in modifying the most recent custody order. See, e.g., Young v. Young, 732 So.2d 1133 (Fla. 1st DCA 1999); Kilgore v. Kilgore, 729 So.2d 402 (Fla. 1st DCA 1999); Bartolotta v. Barto-lotta, 687 So.2d 1385 (Fla. 4th DCA 1997); Holmes v. Greene, 649 So.2d 302 (Fla. 1st DCA 1995); Bridges v. Bridges, 625 So.2d 93 (Fla. 1st DCA 1993); Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984).
Accordingly, we REVERSE and REMAND with instructions to enter an order denying Appellee’s petition for modification.
ALLEN, C.J., MINER and WEBSTER, JJ., concur.

. Because we find that the changes in circumstances since the entry of the most recent custody order were insufficient to constitute a substantial or material change in circumstances, we need not address the trial court’s consideration of matters that pre-dated the most recent order.