959 So.2d 373 (2007)
James JANNOTTA, Former Husband, Appellant/Cross-Appellee,
v.
Deborah HESS, f/k/a Deborah Jannotta, Former Wife, Appellee/Cross-Appellant.
No. 1D06-5883.
District Court of Appeal of Florida, First District.
June 13, 2007.
Angela Brown Swenson, Jacksonville, for Appellant/Cross-Appellee.
William L. Roelke, Jr., of Stutsman Thames & Markey, P.A., Jacksonville, for Appellee/Cross-Appellant.
WEBSTER, J.
The former husband appeals, and the former wife cross-appeals, an order modifying their final judgment of dissolution of marriage to change the primary residential *374 custody of one of the parties' four children from the former husband to the former wife, while leaving the remaining three children in the primary residential custody of the former husband. We conclude that the portion of the trial court's order that gave the former wife custody of one child was not supported by competent substantial evidence and, therefore, constituted an abuse of discretion. Accordingly, we reverse that portion of the order, while affirming as to the issues raised by the former wife on her cross-appeal.
A final judgment dissolving the parties' marriage was entered in February 2001. Among other things, the final judgment awarded primary residential custody of the parties' four children, Nicole (who was then 11), Alexandra (who was then 5), and twins Zachary and Jarod (who were then 3), to the former husband. In October 2004, the former husband sought an increase in the amount of child support awarded by the final judgment. The former wife responded with a counter-petition seeking a change in custody of the four children. Following an evidentiary hearing, the trial court granted the former wife's counter-petition to the extent of changing custody of Alexandra to the former wife, while continuing custody of the remaining three children with the former husband. The former husband appeals, challenging the change in custody of Alexandra; and the former wife cross-appeals, challenging the decision to leave the remaining three children in the custody of the former husband.
When a party seeks modification of a final judgment of dissolution of marriage to change the custody of a child, that party bears the burden of establishing the existence of a substantial and material change in circumstances since entry of the final judgment, and that the change in custody will be in the best interests of the child. E.g., Wade v. Hirschman, 903 So.2d 928, 933-34 (Fla.2005). Our standard of review is abuse of discretion. Id. at 935. To determine whether an abuse of discretion has occurred, we look to the record for competent substantial evidence to support the trial court's decision. Id. Accord Zediker v. Zediker, 444 So.2d 1034, 1038 (Fla. 1st DCA 1984).
Here, there was evidence that the former wife had overcome an alcohol abuse problem which had alienated her from the children; had remarried, improving her life financially and otherwise; and was somewhat better able than the former husband to provide a stable home for the children. However, we have repeatedly held that such evidence is insufficient to constitute a substantial and material change in circumstances justifying a change in custody. E.g., Kilgore v. Kilgore, 729 So.2d 402, 406-07 (Fla. 1st DCA 1998); Holmes v. Greene, 649 So.2d 302, 304 (Fla. 1st DCA 1995); Bridges v. Bridges, 625 So.2d 93, 94 (Fla. 1st DCA 1993); Buttermore v. Meyer, 559 So.2d 357, 359 (Fla. 1st DCA 1990). There was also evidence that the former husband had moved from Jacksonville to Boca Raton after the final judgment, making it difficult for the former wife to visit the children. This did not constitute a substantial and material change in circumstances because it was undisputed that the former wife was notified of the intended move and did not object, instead later moving to Boca Raton herself. See Ogilvie v. Ogilvie, 954 So.2d 698, 701 (Fla. 1st DCA 2007) (holding that relocation, alone, does not constitute a substantial and material change in circumstances). In addition, there was evidence that the former husband had agreed to permit Alexandra to live with the former wife on a temporary basis, in the hope of improving Alexandra's low self-esteem stemming from her being overweight, and *375 that the temporary change had been somewhat successful in that regard. However, we have repeatedly held that a temporary agreement such as this cannot constitute a basis for modification of custody because it would discourage parents from making temporary changes in their children's living arrangements which serve the children's best interests. E.g., Smoak v. Smoak, 658 So.2d 568, 569 (Fla. 1st DCA 1995); Henderson v. Henderson, 537 So.2d 125, 127 (Fla. 1st DCA 1988); Evans v. Evans, 490 So.2d 1035, 1036 (Fla. 1st DCA 1986); Hood v. Hood, 479 So.2d 269, 272 (Fla. 1st DCA 1985).
Having carefully considered all of the evidence, we conclude that there is not competent substantial evidence to support the trial court's decision to change custody of Alexandra. This is particularly true given the fact that the order would separate Alexandra from her three siblings. See Arons v. Arons, 94 So.2d 849, 853 (Fla.1957) (siblings should not be separated absent compelling reasons); Henderson, 537 So.2d at 128 (same, quoting from Arons). Accordingly, we hold that the portion of the order changing custody of Alexandra constitutes an abuse of discretion. We reverse the trial court's order to the extent it directs that custody of Alexandra be changed from the former husband to the former wife. We affirm without discussion as to the issues raised by the former wife's cross-appeal.
AFFIRMED IN PART and REVERSED IN PART.
DAVIS and VAN NORTWICK, JJ., concur.