PER CURIAM.
Yelena Langdon, Former Wife, appeals from the trial court’s order modifying the time-sharing with the parties’ minor child and raises three issues on appeal, only two of which merit discussion. The Former Wife argues that the trial court erred in modifying the final order establishing time-sharing when the trial court found that Jon Langdon, Former Husband, failed to establish that there was a substantial change in circumstances not reasonably contemplated at the time of the final order. The Former Wife further argues that the trial court lacked jurisdiction to modify the *1054 final order establishing time-sharing after granting her Motion to Dismiss, Motion for Summary Judgment, and/or Motion for Judgment on the Pleadings. We agree and we reverse the trial court’s order to the extent that it modified the final order establishing time-sharing.
After the trial court entered its Final Judgment of Dissolution of Marriage, the trial court held an evidentiary hearing on the Former Wife’s Motion for Final Determination on All Reserved Issues. In its Final Order on All Pending Issues (“final order”), the trial court ordered, among other things, that after consideration of all the evidence and the factors indicated in section 61.13, Florida Statutes (2009), the parties shall share the parental responsibility of their minor child. The trial court also established a time-sharing plan and stated that the minor child should reside with the Former Wife from Monday through Friday. Further, the trial court awarded the Former Husband time-sharing with the minor child every weekend of each calendar month starting when school adjourns on Friday, except the fourth and any fifth weekend in the month.
The Former Husband subsequently filed a Verified Emergency Supplemental Complaint for Modification of Final Judgment of Dissolution of Marriage and Final Order on All Pending Issues and alleged that there has been a substantial change in circumstances since the entry of the trial court’s final order because his cancer was no longer in remission. The Former Husband further alleged that it would be in the best interest of the minor child if the minor child resided with him. Accordingly, the Former Husband requested that the trial court modify the parties’ time-sharing schedule. In response, the Former Wife filed a Motion to Dismiss, Motion for Summary Judgment, and/or Motion for Judgment on the Pleadings, in which she argued, among other things, that the trial court had considered the Former Husband’s medical condition when it issued the final order, and that as such, the Former Husband’s allegations were insufficient to support a modification of time-sharing. Subsequently, the Former Husband filed a Verified Emergency Motion to Modify Time-Sharing and Verified Motion for Contempt, in which he alleged that his cancer has come out of remission and because of that his health was deteriorating. The Former Husband requested that the trial court treat his motion “in an emergency manner due to prognosis and dire nature of [Former Husband’s] medical condition.” The trial court entered an Order on the Former Wife’s Motion for Contempt and on the Former Husband’s Verified Emergency Motion to Modify Time-Sharing. In this order, the trial court ordered, among other things, that the Former Husband’s weekend time-sharing shall be expanded starting when school adjourns on Thursday on a temporary basis.
The trial court then held a hearing on the Former Wife’s Motion to Dismiss, Motion for Summary Judgment, and/or Motion for Judgment of the Pleadings. During the hearing, the parties presented their arguments regarding whether the Former Husband’s medical condition was an unanticipated change in circumstances justifying a modification in the time-sharing plan. After the hearing, the trial court entered an Order Granting the Former Wife’s Motion to Dismiss, Motion for Summary Judgment, and/or Motion for Judgment on the Pleadings. In the order, the trial court found that it took the Former Husband’s medical condition into consideration when it issued the final order. Accordingly, the trial court explained that the basis supporting the modification was not unanticipated. The trial court stated that notwithstanding its finding, the extended time-sharing granted in its previous order *1055 “shall remain in effect on a temporary basis” and that it was in the best interest of the minor child to continue the extended time-sharing. This appeal follows.
“The standard for reviewing a trial court’s ruling on a motion to modify custody is abuse of discretion, although the trial court has much less discretion to modify [a] custody order than it enjoys in making the original custody determination.” Bon v. Rivera, 10 So.3d 193, 195 (Fla. 1st DCA 2009). Section 61.13(2)(c) Florida Statutes (2011), provides as follows:
The court shall determine all matters relating to parenting and time-sharing of each minor child of the parties in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act, except that modification of a parenting plan and time-sharing schedule requires a showing of a substantial, material, and unanticipated change of circumstances.
Accordingly, in order to obtain a temporary modification of custody, the moving party must establish (1) that there has been a substantial change in the condition of one or both parties, and (2) that the change in custody serves the best interests of the child. Wilson v. Roseberry, 669 So.2d 1152, 1154 (Fla. 5th DCA 1996). Furthermore, the substantial change must be one that was not reasonably contemplated at the time of the original judgment. Cooper v. Gress, 854 So.2d 262, 265 (Fla. 1st DCA 2003). This rule promotes the finality of the judicial determination of the custody of children. Wade v. Hirschman, 903 So.2d 928, 932 (Fla.2005).
Here, in the Order Granting the Former Wife’s Motion to Dismiss, Motion for Summary Judgment, and/or Motion for Judgment on the Pleadings, the trial court found that the Former Husband failed to carry his statutory burden to establish the basis for the modification. The trial court also found that it took the Former Husband’s medical condition into consideration when it issued the final order. Further, the trial court explained that the basis supporting the modification was not unanticipated. Notwithstanding its findings and its order granting the Former Wife’s motions, the trial court modified the final order establishing time-sharing. This modification of time-sharing was contrary to established law. Furthermore, the trial court could not modify time-sharing because it had already dismissed the Former Husband’s modification complaint in the same order. See Fisher v. Whiteside, 541 So.2d 1209, 1210 (Fla. 2d DCA 1988) (holding that the court lacked jurisdiction to modify visitation where it dismissed the modification petition). Thus, we reverse the trial court’s order only to the extent that it modified the final order establishing time-sharing. We affirm the order in all other respects and remand to the trial court for correction of the Order Granting the Former Wife’s Motion to Dismiss, Motion for Summary Judgment, and/or Motion for Judgment on the Pleadings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
DAVIS, LEWIS, and MAKAR, JJ„ concur.