PER CURIAM.
The appellant, Shawn Holland, challenges the trial court’s temporary modification of a parental time-sharing schedule which had been established by the parties in a marital settlement agreement and later modified by a Full Mediation Agreement. He argues that the trial court erred by finding there was no final order in place and by modifying the parents’ time-sharing schedule without findings to show a substantial change in circumstances or the best interests of the children. We agree and reverse.
The parties were married in 1994, and two children were born during the marriage. In 2008, in anticipation of dissolution of marriage, the parties entered into a marital settlement agreement (MSA) which included a detailed parental responsibility and time-sharing schedule. On February 19, 2009, the trial court entered a final judgment of dissolution of marriage which ratified the MSA. Ten months later, the parties sought to modify the MSA, and following mediation, entered into a Full Mediation Agreement which modified the parenting and time-sharing schedule. On January 14, 2011, the trial court approved the Full Mediation Agreement and incorporated the agreement into a final order. On August 29, 2011, the former wife filed a petition to modify the time-sharing schedule. Following a hearing before a General Magistrate, the trial court denied the petition for modification based on lack of evidence to show a substantial change in circumstances.
The former wife filed a second petition for modification less than a year later. On December 19, 2013, the trial court held a hearing during which the court stated it intended to enter a temporary order to modify the time-sharing schedule. The court found there was no final order in place because no prior orders of the court had used “magical words of final judgment of parenting.” No evidence was presented at the hearing. Following the hearing, the trial court entered a written order finding there was “no permanent time-sharing in place” and entered a written order modifying the parties’ time-sharing schedule without any findings or evidence.
ANALYSIS
A trial court’s order modifying a parenting plan and time-sharing schedule is reviewed for an abuse of discretion. See Wade v. Hirschman, 908 So.2d 928, 935 (Fla.2005). The trial court has much less discretion to modify a parenting plan than it does in fashioning the original parenting determination. Langdon v. Langdon, 96 So.3d 1053, 1055 (Fla. 1st DCA 2012). For the reasons that follow, we hold that the trial court abused its discretion by finding there was no final order in place and by modifying the parties’ time-sharing plan without proper findings or evidence.
First, the record does not support the trial court’s determination that there was no final order in place at the time the former wife sought modification of the parties’ time-sharing schedule: The January 14, 2011, order adopting the Full Mediation Agreement is a final order, as well as the March 9, 2012, order approving the General Magistrate’s Report and denying the former wife’s petition to modify. While an order must contain “unequivocal language of finality,” an order or judgment of a court does not need to contain any particular or “magic” words to make it final. See Hoffman v. Hall, 817 So.2d 1057, 1058 (Fla. 1st DCA 2002); see also *1157 Howard v. Ziegler, 40 So.2d 776, 777 (Fla.1949).
Second, the trial court erred by modifying the parties’ time-sharing agreement without evidence to show a substantial change in circumstances. See § 61.18(3), Fla. Stat. (2013); Voorhies v. Voorhies, 705 So.2d 1064, 1065 (Fla. 1st DCA 1998). It is well settled that a trial court abuses its discretion in modifying a parenting plan and time-sharing schedule when the record contains no evidence that such a modification is supported by a substantial, material, unanticipated change in circumstances. See, e.g., Zediker v. Zediker, 444 So.2d 1034, 1038 (Fla. 1st DCA 1984).
Third, the trial court abused its discretion by modifying the time-sharing agreement without findings or evidence that a modification is in the best interests of the children. See § 61.13(3), Fla. Stat. (2013); Dobbins v. Dobbins, 584 So.2d 1113, 1116 (Fla. 1st DCA 1991). Instead, the trial court focused only on the interests of the mother without any consideration of the best interests of the children in granting the petition for modification.
Because the trial court abused its discretion by temporarily modifying the parties’ time-sharing schedule, by disregarding the prior final order and by failing to make proper findings, we reverse and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMAS, ROWE, and MAKAR, JJ., concur.