DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALEXANDER CHARLES DANIELLO,**
Appellant,

v.

**KRISTY MARIE SETTLE,**
Appellee.

No. 4D20-2732

[March 2, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina Keever-Agrama, Judge; L.T. Case No. 502015DR006359XXXXNB.

Ryan C. Shrouder of Spink, Shrouder & Karns, P.A., Cooper City, for appellant.

William A. Fleck of Jupiter Legal Advocates, Palm Beach Gardens, for appellee.

KUNTZ, J.

Appellant, the Father, appeals the circuit court's order modifying an agreed final judgment of paternity. The Father raises two issues on appeal. We agree the court erred when it modified the final judgment, and we therefore remand for further proceedings. We affirm the remaining issue without discussion.

The primary issue on appeal relates to the Mother's sobriety. Sober for four years, the Mother petitioned to modify the court's custody order, arguing her sobriety represented a material change in circumstances. The court agreed and modified the custody order.

The Father argues the court erred when it found the Mother's life improvement qualified as a substantial change in circumstances. Case law supports his argument. *See, e.g., Jannotta v. Hess*, 959 So. 2d 373, 374 (Fla. 1st DCA 2007) ("[T]here was evidence that the former wife had overcome an alcohol abuse problem which had alienated her from the children; had remarried, improving her life financially and otherwise; and

was somewhat better able than the former husband to provide a stable home for the children. However, we have repeatedly held that such evidence is insufficient to constitute a substantial and material change in circumstances justifying a change in custody.").

"[A] modification is not permitted 'without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child.'" *C.N. v. I.G.C.*, 316 So. 3d 287, 288 (Fla. 2021) (quoting § 61.13(3), Fla. Stat.). Our supreme court has also explained that "the substantial change must be one that was not reasonably contemplated at the time of the original judgment." *Wade v. Hirschman*, 903 So. 2d 928, 931 n.2 (Fla. 2005) (quoting *Cooper v. Gress*, 854 So. 2d 262, 265 (Fla. 1st DCA 2003)).

The agreed final judgment was signed on December 19, 2017. The Mother moved to modify it less than twelve months later. At the hearing on her motion, she testified that she has been sober since January 1, 2018. Her sobriety two weeks after the entry of the agreed final judgment is not a substantial change not reasonably contemplated at the time of the original judgment. *Jannotta*, 959 So. 2d at 374; *see also Bell v. Bell*, 295 So. 3d 336, 338 (Fla. 1st DCA 2020) ("[W]e have recognized that improved life circumstances do not constitute a substantial change in circumstances sufficient to allow for a modification of timesharing arrangements.").

The circuit court's order amending the agreed final judgment is reversed. Our reversal is without prejudice to the Mother's right to seek modification attributable to a substantial and material change or other legally available reason. *See Chamberlain v. Eisinger*, 159 So. 3d 185, 189 (Fla. 4th DCA 2015) (the burden on the parent seeking modification "should not preclude legitimate review in the best interests of the child where there have been significant changes affecting the well being of the child, especially when the change of circumstances has occurred over a substantial period of time.") (quoting *Pedersen v. Pedersen*, 752 So. 2d 89, 91 (Fla. 1st DCA 2000)).

*Reversed in part and affirmed in part.*

GROSS and FORST, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

2