# Third District Court of Appeal

## State of Florida

Opinion filed June 25, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1744
Lower Tribunal No. 16-7158-FC-04
_____

**Germania Paola Naranjo Saenz,**
Appellant,

vs.

**Jose Antonio Diaz,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marlene Fernandez-Karavetsos, Judge.

Germania Paola Naranjo Saenz, in proper person.

The Quattro Firm and Nicole M. Quattrocchi (West Palm Beach), for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Germania Paola Naranjo Saenz ("Mother") appeals a final judgment modifying parental responsibility and timesharing in favor of Jose Antonio Diaz ("Father"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

## I.

In November 2016, the Father and Mother divorced and entered into a settlement agreement providing for shared parental responsibility and equal timesharing of their one minor child. In its final judgment of dissolution, the trial court ratified the settlement agreement and ordered compliance with all of its provisions. The court did not set forth a specific timesharing schedule and reserved jurisdiction over matters concerning the child's best interests.

The parties continued to reside together with the child. In May 2023, the Father filed a petition to modify shared parental responsibility, alleging a substantial change in circumstances. He requested the court issue a specific timesharing schedule, asserting he had moved out, the Mother had refused to allow equal timesharing and was excluding him from major decisions concerning the child. He further asserted the child was undergoing treatment for a learning disability and required a stable timesharing arrangement to prevent further disruption.

The trial court referred the matter to a general magistrate for an evidentiary hearing. After hearing, the general magistrate entered a recommended order with a specific timesharing schedule for both the Mother and Father. The Mother filed objections to the magistrate's recommended order. The trial court entered a final judgment ratifying and approving the recommended order. This appeal followed.

## II.

"A trial court's order on timesharing is typically reviewed for an abuse of discretion." Perez v. Maldonato, 324 So. 3d 1011, 1013 (Fla. 3d DCA 2021).

## III.

On appeal, the Mother filed a brief titled "story of my life" but did not challenge the magistrate's recommended order or the trial court's ratification and approval thereof.

Following the evidentiary hearing, the general magistrate entered a recommended order finding a substantial change in circumstances had occurred and shared parental responsibility with equal timesharing remained in the child's best interests. This hearing was electronically recorded and no transcript was prepared. The Mother did not provide the recording in the appellate record. Without a record of the hearing and finding no legal error

3

apparent on the face of the recommended order, we cannot conclude the trial court abused its discretion in its modification of the timesharing schedule. Because such a determination is clothed with presumption of correctness, we are compelled to affirm. See § 61.13(3), Fla. Stat. ("A determination of parental responsibility, a parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial and material change in circumstances and a determination that the modification is in the best interests of the child."); Pedersen v. Pedersen, 752 So. 2d 89, 91 (Fla. 1st DCA 2000) ("The requirement to demonstrate a substantial change in circumstances . . . is to preclude parties to a dissolution from continually disrupting the lives of children by initiating repeated custody disputes. This burden, however, should not preclude legitimate review in the best interests of the child where there have been significant changes affecting the well being of the child, especially when the change of circumstances has occurred over a substantial period of time."); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error . . . Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's

judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); John Moriarty & Assocs. of Fla., Inc. v. Thyssenkrupp Elevator Corp., 272 So. 3d 464, 465 (Fla. 3d DCA 2019) ("In the absence of a transcript of the lower court proceedings, and finding no legal error apparent on the face of the order . . . we cannot conclude the trial court erred in rendering the order under review and therefore affirm.").

Affirmed.