710 So.2d 124 (1998)
Philip John HARDWICK, Appellant,
v.
Amy Lee HARDWICK, Appellee.
No. 98-0111.
District Court of Appeal of Florida, Fourth District.
April 15, 1998.
Jane L. Cornett of Wackeen, Cornett & Googe, P.A., Stuart, and Charles J. Dorfman, Port St. Lucie, for appellant.
Russell J. Ferraro, Jr. of Russell J. Ferraro, Jr. and Associates, P.A., Stuart, for appellee.
KLEIN, Judge.
After a short and stormy marriage, and one particular incident involving a physical altercation, the mother took the parties' only child, who was four months old, and went back to her family in Massachusetts. After she told the father she was not returning to Florida he filed this action to determine custody and child support and to require that the child be returned to Florida. After an evidentiary hearing the trial court found that it would not be in the child's best interest to have him brought back to Florida at the present time for purposes of awarding the father temporary custody, and the father appeals.
The father argues that the trial court failed to apply the factors contained in section 61.13(2)(d), Florida Statutes (1997) which provides:
(d) No presumption shall arise in favor of or against a request to relocate when a primary residential parent seeks to move the child and the move will materially affect the current schedule of contact and access with the secondary residential parent. In making a determination as to whether the primary residential parent may relocate with a child, the court must consider the following factors:
1. Whether the move would be likely to improve the general quality of life for both the residential parent and the child.
2. The extent to which visitation rights have been allowed and exercised.
3. Whether the primary residential parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful *125 relationship between the child and the secondary residential parent.
5. Whether the cost of transportation is financially affordable by one or both parties.
6. Whether the move is in the best interests of the child.
The father contends that the trial court was required to make specific findings in regard to the statutory factors, citing MacConnell v. Cascante, 668 So.2d 668, 669 (Fla. 4th DCA 1996)(reversing a judgment involving relocation because "the court failed to specifically analyze the so-called Mize factors in the order itself"). Coincidentally, one week before we issued MacConnell, we affirmed a temporary order allowing relocation which did not contain any written findings. Garone v. Parks, 668 So.2d 307 (Fla. 4th DCA 1996).
Prior to the legislature adopting section 61.13(2)(d), the supreme court had established six factors for courts to consider when determining whether a custodial spouse can relocate in Mize v. Mize, 621 So.2d 417 (Fla. 1993). Subsequently the supreme court again addressed the subject in Russenberger v. Russenberger, 669 So.2d 1044 (Fla.1996), and concluded that where a custodial parent seeking to relocate is in good faith, there is a presumption in favor of allowing relocation. The presumption announced in Russenberger prompted the Florida legislature to pass section 61.13(2)(d), which expressly states that there is no presumption, but uses factors which are similar to the Mize factors.
The present case is governed by section 61.13(2)(d), not Mize. Although the legislature has required specific findings of fact for some chapter 61 determinations,[1] it did not require them for section 61.13(2)(d). Although findings of fact are always helpful to reviewing courts, we will defer to the legislative intent which we glean to be that they are not required here. MacConnell's requirement of findings under Mize has been, in effect, overruled by the statute.
We find that there is sufficient evidence to support the temporary order and therefore affirm.
STONE, C.J., and GUNTHER, J., concur.
NOTES
[1] E.g., alimony, § 61.08(1) and equitable distribution, § 61.075(3).