827 So.2d 401 (2002)
Carol R. WILSON, n/k/a Carol R. Faessler, Appellant,
v.
David A. WILSON, Appellee.
No. 2D01-4197.
District Court of Appeal of Florida, Second District.
October 11, 2002.
*402 Elizabeth S. Wheeler of Berg & Wheeler, P.A., Brandon, for Appellant.
Jane H. Grossman of Law Offices of Jane H. Grossman, St. Petersburg, for Appellee.
SILBERMAN, Judge.
Carol R. Wilson, n/k/a Carol R. Faessler, (the mother) appeals an order denying her request to relocate the parties' minor child to Oregon. The mother argues several grounds in favor of reversal, one of which concerns the standard applied by the trial court in reaching the conclusion that if relocation were allowed, substitute visitation between the child and the father would be inadequate. We reverse because it appears that the trial court may have applied an incorrect legal standard in denying relocation.
In December 1999 the marriage of the mother and David A. Wilson (the father) was dissolved. The final judgment of dissolution incorporated and approved the parties' marital settlement agreement. The agreement specified that the parties would have shared parental responsibility for their minor child, who was born in 1995. While the mother would provide the primary physical care and residence for the child, the father would provide secondary care and residence and would enjoy liberal visitation.
After the mother remarried, she sought to relocate the child's primary residence to Oregon, where her new husband had accepted employment. The trial court conducted an evidentiary hearing concerning the mother's request for relocation and the father's motion seeking to restrain the mother from relocating the child. The parties presented evidence regarding the relationship and ongoing contact between the father and the child, the reasons for the proposed relocation, the problems that would exist if relocation were allowed, and possible solutions to the problems including an altered visitation schedule.
The trial court correctly noted that under section 61.13(2)(d), Florida Statutes (2001), there are six factors that must be considered and there is no presumption in favor of or against relocation. The statute provides the following:
No presumption shall arise in favor of or against a request to relocate when a primary residential parent seeks to move the child and the move will materially affect the current schedule of contact and access with the secondary residential parent. In making a determination as to whether the primary residential parent may relocate with a child, the court must consider the following factors:
1. Whether the move would be likely to improve the general quality of life for both the residential parent and the child.
2. The extent to which visitation rights have been allowed and exercised.
3. Whether the primary residential parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the *403 child and the secondary residential parent.
5. Whether the cost of transportation is financially affordable by one or both parties.
6. Whether the move is in the best interests of the child.
In its order denying the mother's request to relocate, the trial court made specific findings as to each of the statutory factors: (1) the general quality of life for the child and mother would improve if relocation were allowed; (2) the mother allowed and the father exercised visitation; (3) the father could not afford the transportation expense that would be incurred as a result of relocation, but the mother's new husband testified that he would pay for the transportation; (4) if relocation were allowed, substitute visitation would be inadequate to maintain the relationship enjoyed by the father and the child; (5) while the mother's new husband would be willing to incur the cost of transportation for the child, the cost would have a significant impact on the number of times that visitation would be exercised; and (6) relocation would have a significant negative impact on the bond and relationship between the father and the child.
The trial court remarked that the primary reason for relocation was that the mother's new husband would have a much better paying job in Oregon, enabling the mother to be a stay-at-home mother who could spend more time with the child. However, the trial court also stated that it could not envision any substitute visitation arrangement being acceptable. The mother argues that this last statement reflects the trial court's application of an incorrect legal standard, which would preclude any custodial parent from relocating when the noncustodial parent has exercised the relatively customary schedule of alternating weekend visitation.
Based on the record before us, it is unclear whether the trial court applied the correct legal standard. The standard applicable to factor four of the statute is whether the proposed substitute visitation is adequate to foster a continuing meaningful relationship, not whether the same degree of frequent and continuing contact would be maintained. See § 61.13(2)(d)4; Card v. Card, 659 So.2d 1228, 1231-32 (Fla. 5th DCA 1995). Extended visits may serve the parental relationship better than the typical weekly visit or at least be sufficient to sustain a close parental relationship. See Stockburger v. Stockburger, 633 So.2d 1140, 1143 (Fla. 2d DCA 1994). Additionally, allowing relocation is not necessarily adverse to the child's best interests when liberal visitation rights are protected. See Sherman v. Sherman, 558 So.2d 149, 151 (Fla. 3d DCA 1990). See also Wells v. Wells, 501 So.2d 700, 701 (Fla. 2d DCA 1987).
Because the order denying relocation appears to be based, at least in part, on an incorrect legal standard, we reverse. See Neely v. Neely, 691 So.2d 39, 40 (Fla. 1st DCA 1997). On remand, the trial court must reconsider the evidence and the statutory factors under the correct legal standard, and its ruling should demonstrate that the proper standard was applied. See Geibel v. State, 817 So.2d 1042, 1045 (Fla. 2d DCA 2002); Neely, 691 So.2d at 40. As to the other issues raised by the mother, we find no error and affirm without comment.
Reversed and remanded for further proceedings consistent with this opinion.
PARKER and NORTHCUTT, JJ., concur.