846 So.2d 649 (2003)
Kathleen BUONAVOLONTA n/k/a Kathleen Plotkin, Appellant,
v.
James J. BUONAVOLONTA, Appellee.
No. 2D02-3775.
District Court of Appeal of Florida, Second District.
May 30, 2003.
*650 Cynthia Byrne Hall and Brian M. Silverio of Silverio & Hall, Naples, for Appellant.
Cynthia L. Greene of Law Offices of Cynthia L. Greene & Associates, P.A., Miami; and John E. Long, Jr. of Law Offices of Long & Murphy, P.A., Naples, for Appellee.
SILBERMAN, Judge.
Kathleen Buonavolonta (the mother) appeals a final order in favor of James Buonavolonta (the father) which denies her supplemental petition to relocate with the parties' two children from Collier County, Florida, to Broward County, Florida. Because the trial court applied the incorrect legal standards when it considered the petition, we reverse.
Section 61.13(2)(d), Florida Statutes (2001), sets forth the following six factors that the trial court must consider in determining whether to allow relocation:
1. Whether the move would be likely to improve the general quality of life for both the residential parent and the child.
2. The extent to which visitation rights have been allowed and exercised.
3. Whether the primary residential parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child and the secondary residential parent.
5. Whether the cost of transportation is financially affordable by one or both parties.
6. Whether the move is in the best interests of the child.
Although the mother raises several issues that do not warrant relief, she correctly argues that the trial court erred in its evaluation of the second, third, and fourth factors.
With respect to the second factor, the trial court used the old factor from Mize v. Mize, 621 So.2d 417, 420 (Fla. 1993), which was "whether the motive for seeking the move is for the express purpose of defeating visitation." The trial court found that the mother was not trying to defeat visitation. Although section 61.13(2)(d) essentially codifies the Mize factors, the second factor is different under the statute. See Borchard v. Borchard, 730 So.2d 748 (Fla. 2d DCA 1999). On remand, the trial court must apply the statutory factor and determine "[t]he extent to which visitation rights have been allowed and exercised." § 61.13(2)(d)(2).
The trial court correctly identified the third factor as whether the mother, "once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements." § 61.13(2)(d)(3). However, instead of applying this factor, the trial court made a finding that the substitute visitation would "not be of the same quality and quantity that it is now." On remand, the trial court must reconsider the petition using the proper factor.
The fourth factor is "[w]hether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child or children and the secondary residential parent." § 61.13(2)(d)(4). Again, the trial court stated the proper factor but did not apply it. Instead, the court found in favor of the father, stating that "although the [father] may have a meaningful relationship if the children do move, it will not be the same type of *651 relationship he presently enjoys at this time."
This court recently stated that the fourth factor does not turn on "whether the same degree of frequent and continuing contact would be maintained." Wilson v. Wilson, 827 So.2d 401, 403 (Fla. 2d DCA 2002).[1] We observed that extended visits may be more beneficial to the parental relationship than the typical weekly visits and, when liberal visitation rights are protected, relocation is not necessarily adverse to the children's best interests. Id.
If the fourth factor required that the substitute visitation would result in the "same type of relationship," it is doubtful that relocations would ever be permitted; a move of any significant distance necessarily means that the relationship and contact will not be the same type or to the same degree as existed before the move. Rather, the focus of the fourth factor is whether the substitute visitation is adequate to allow the parent to maintain a "continuing meaningful relationship" with the child. § 61.13(2)(d)(4).
At trial, both parties presented evidence as to the impact that relocation would have on the children and on their own lives. The father expressed concern about his ability to make changes to his work schedule and the difficulties that he would encounter if the mother relocated. The mother offered substantial substitute visitation on holiday weekends and in the summer to make up for the proposed loss of the father's weekday visitation, and she offered to assist in transportation to help accommodate the father's schedule. Because the trial court applied the incorrect legal standard to the evidence, on remand it must reconsider the petition using the proper standard.
The trial court also addressed a provision in the parties' marital settlement agreement that states neither party would relocate with the children from Collier County without mutual consent or court approval. The mother challenges the trial court's findings that the parties had bargained for the provision and that a party would have to meet a heavy burden to change the provision in order to allow relocation. Our review of a provision of a marital settlement agreement is de novo. See McIlmoil v. McIlmoil, 784 So.2d 557, 562 (Fla. 1st DCA 2001). We conclude that the agreement does not prevent the parties from seeking to relocate the children, and it does not alter the burden that must be met by the party seeking to relocate. Rather, if the parents do not agree on a relocation, the provision merely requires that the party seeking to relocate must obtain court approval before moving. The purpose of such a provision is to prevent a parent from moving a child without notice to the other parent. See Leeds v. Adamse, 832 So.2d 125, 127-28 (Fla. 4th DCA 2002).
Here, over one year after the parties were divorced, the mother wanted to move with the children from Collier County to Broward County. When the parties could not agree concerning the move, they each sought relief from the trial court. Once the issue was brought to the court for resolution, the trial court was required to follow the framework established in section 61.13(2)(d) to resolve the issue. See Leeds, 832 So.2d at 128. In addition to the six factors that the trial court had to consider under the statute, section 61.13(2)(d) *652 provides that "[n]o presumption shall arise in favor of or against a request to relocate when a primary residential parent seeks to move the child and the move will materially affect the current schedule of contact and access with the secondary residential parent." Therefore, on remand, the trial court is to weigh the evidence and apply the statutory factors without any presumption for or against the requested move.
Because the trial court must reexamine three of the six statutory factors, and the sixth factor, the best interests of the child, is basically a summary of the preceding factors, see Mize, 621 So.2d at 420, the trial court must reconsider all six statutory factors to decide this relocation issue. Accordingly, we reverse the trial court's order denying relocation and remand for further proceedings consistent with this opinion. The trial court may consider additional evidence as to the parties' current situation, and its ruling must demonstrate that it applied the proper standards in determining the petition to relocate. See Wilson, 827 So.2d at 403.
Reversed and remanded.
STRINGER and CANADY, JJ., Concur.
NOTES
[1] We note that at the time the trial court entered its order, it did not have the benefit of our opinion in Wilson.