904 So.2d 635 (2005)
John E.K. JENSEN, Appellant,
v.
Kathryn JENSEN, Appellee.
No. 4D04-2763.
District Court of Appeal of Florida, Fourth District.
June 22, 2005.
Paul E. Sawyer, III, Fort Lauderdale, for appellant.
Irene Annunziata of Law Office of Irene Annunziata, P.A., Fort Lauderdale, for appellee.
*636 SHAHOOD, J.
We hold that the trial court erred in permitting former wife to relocate with the minor children out of Broward County to Brevard County, without properly considering the six statutory factors necessary before relocation could be granted. See § 61.13(2)(d), Fla. Stat. (2004).
The parties' Marital Settlement Agreement, incorporated into the Final Judgment of Dissolution of Marriage, provided:
It is the intent of the parties that each of them shall have the opportunity of sharing in the children's significant social and educational activities and the parties will consult with each other on all significant decisions involving the children's best welfare....
. . . .
In the event the Mother seeks to relocate the permanent residence of the minor children so that it will materially affect the Father's current schedule of contact and access with the children, she shall either obtain his written consent, or seek such relief from the Court, pursuant to Fla. Stat. § 61.13(2)(d).
Former husband moved for an ex parte temporary injunction prohibiting former wife from relocating the minor children from Fort Lauderdale, Florida, to Palm Bay, Florida. A temporary injunction was entered and a hearing was held shortly thereafter on whether to dissolve the injunction. As per the Marital Settlement Agreement, former wife was required to either obtain former husband's consent or petition the court for relief in order to relocate with the minor children. When former husband objected to the move, former wife failed to seek relief from the court as she was required to do. See Buonavolonta v. Buonavolonta, 846 So.2d 649, 651 (Fla. 2d DCA 2003)(the purpose of a relocation restriction provision in a marital settlement agreement or final judgment of dissolution of marriage is to prevent a parent from moving a child without notice to the other parent); Leeds v. Adamse, 832 So.2d 125, 127 (Fla. 4th DCA 2002)(A residency restriction clause by agreement or order allows the parties to either agree to the move or request leave of court to relocate. This will allow the trial court to review the factors outlined in section 61.13(2)(d), Florida Statutes (2001), in an objective and thoughtful manner). Notwithstanding this fact, the trial court dissolved the temporary injunction prohibiting former wife from relocating with the minor children approximately 150 miles away without ever properly considering the six statutory factors necessary in order to permit relocation. This was error.
Section 61.13(2)(d) sets forth the following factors that the trial court must consider in determining whether to allow relocation:
1. Whether the move would be likely to improve the general quality of life for both the residential parent and the child.
2. The extent to which visitation rights have been allowed and exercised.
3. Whether the primary residential parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child and the secondary residential parent.
5. Whether the cost of transportation is financially affordable by one or both parties.
6. Whether the move is in the best interests of the child.
In addition to the six factors that the trial court must consider under the statute, section 61.13(2)(d) provides that "[n]o presumption shall arise in favor of or *637 against a request to relocate when a primary residential parent seeks to move the child and the move will materially affect the current schedule of contact and access with the secondary residential parent." See Buonavolonta, 846 So.2d at 651. Accordingly, this matter must be remanded for an evidentiary hearing to allow the parents to provide evidence as to the impact that relocation would have on the children and on their own lives. See id. In keeping with section 61.13(2)(d), the trial court is to weigh the evidence and apply the statutory factors without any presumption for or against the requested move.
REVERSED AND REMANDED with directions.
STEVENSON and GROSS, JJ., concur.