SALCINES, Judge.
Marcella D. Rimes, the Former Wife, appeals a postdissolution visitation order which grants a motion for unsupervised visitation between Clinton T. Rimes, the Former Husband, and the parties’ two young daughters. We reverse and remand for further proceedings.
In March 2002, the parties entered into a marital settlement agreement which designated the Former Wife as the primary residential parent and provided that the Former Husband would be allowed to have supervised visitation with the parties’ two young daughters. The marital settlement agreement stated reasons for the restriction on the Former Husband’s visitation and provided for a “reintroduction” period between the Former Husband and his children. Although the agreement allowed only supervised visitation between the Former Husband and the children, the agreement contemplated the possibility of less stringent visitation restrictions in the future. The marital settlement agreement was ratified and incorporated by reference in the final judgment of dissolution of marriage.
In July or August 2002, the Former Husband began unsupervised visits with the children. Unsupervised visitation took place for approximately one year. Over that year, matters transpired which raised serious concerns regarding the children’s welfare during their periods of unsupervised visitation with the Former Husband.
In November 2003, the Former Wife and the Former Husband appeared before the trial court on an emergency motion concerning visitation. The parties stipulated that the Former Husband would be allowed only supervised visitation until further court order, and a written order adopting the stipulation was thereafter rendered in February 2004. In its written order, the trial court also specified that the parenting coordinator who had been working with the family would continue to coordinate and facilitate the visitation plan, “the same being supervised as set forth herein.”
The Former Husband subsequently filed a motion for unsupervised visitation and family therapy, and that motion proceeded to a multiple-day hearing in September and November 2004. Extensive evidence was introduced, and after the parties rested, the trial court asked the attorneys to submit written closing arguments. At the conclusion of the hearing, the trial court did not make any oral findings concerning unsupervised visitation. On February 3, 2005, several months after the hearing, the trial court rendered an order granting the Former Husband’s amended motion for *657 unsupervised visitation and family therapy. It is that order from which the Former Wife appeals.
In entering the order allowing for unsupervised visitation, the trial court modified an existing order which had allowed visitation between the Former Husband and the parties’ children only if supervised. An order modifying an existing visitation judgment requires findings: (1) that a material change in circumstances has arisen since the entry of the prior visitation order, and (2) that the welfare of the child will be promoted by the modification. Ross v. Botha, 867 So.2d 567, 571 (Fla. 4th DCA 2004). Modification of visitation for a noncustodial parent is proper only if there is competent, substantial evidence showing that there has been a substantial and material change in the circumstances of the parties since entry of the original order, and that the best interests of the child will be served by modification. De Lapouyade v. De Lapouyade, 711 So.2d 1202, 1203 (Fla. 2d DCA 1998).
In the present case, the trial court’s written order allowing unsupervised visitation contains none of the foregoing findings, and the record does not otherwise reveal whether the trial court properly applied those factors in reaching its decision, particularly the factor concerning the best interests or welfare of the children. Indeed, the record suggests that the trial court may have applied an incorrect legal standard in allowing unsupervised visitation. Accordingly, we reverse the order and remand this matter to the trial court. On remand, the trial court must reconsider the evidence presented at the evidentiary hearing and apply the correct legal standard. See, e.g., Wilson v. Wilson, 827 So.2d 401, 402 (Fla. 2d DCA 2002) (remanding trial court’s decision regarding relocation because it appeared trial court might have applied an incorrect legal standard). The trial court’s amended order setting forth the basis of its ruling should reflect that the proper standard was applied.
Reversed and remanded as directed.
KELLY and LaROSE, JJ., Concur.