917 So.2d 1038 (2006)
Leslie Ann FREDMAN, n/k/a Leslie Ann Melton, Appellant,
v.
David Lynn FREDMAN, Appellee.
No. 2D05-378.
District Court of Appeal of Florida, Second District.
January 11, 2006.
*1039 Allison M. Perry of Law Office of Allison M. Perry, P.A., Tampa, for Appellant.
Robert M. Geller of Law Offices of Robert M. Geller & Associates, Tampa, for Appellee.
DAVIS, Judge.
Leslie Ann Fredman, n/k/a Leslie Ann Melton, ("the Former Wife"), challenges the trial court's order denying her supplemental motion for modification of the final judgment of dissolution of her marriage to David Lynn Fredman ("the Former Husband"). We affirm in part and reverse in part.
The parties' marriage was dissolved by a final judgment of dissolution on October 14, 2002, that incorporated a marital settlement agreement ("the agreement") entered into by the parties on July 29, 2002. The agreement gave the Former Wife primary residential custody, specified the Former Husband's visitation rights, and established the amount of child support that the Former Husband would be required to pay.
In January 2004, the Former Wife filed a supplemental petition requesting a modification of the final judgment's visitation and child support provisions, as well as other relief. She alleged that her planned *1040 move out of the state of Florida with the children was a substantial change in circumstances that justified a modification of visitation. She further alleged that the Former Husband's income had increased, justifying a modification of the child support provision.
The Former Husband filed an answer denying the allegations but did not include any counterclaims. During the pendency of this litigation, in response to the Former Wife's planned move to Texas, the Former Husband moved for a temporary injunction, asking the trial court to require the Former Wife to keep the children in the state until her petition was resolved. The trial court granted the motion, ordering that "[u]ntil further order of the court both parties are enjoined from permanently relocating the children from the State of Florida." The Former Husband subsequently filed a supplemental petition for modification in which he requested additional specific visitation opportunities.
At the hearing on the Former Wife's petition, her counsel argued that the Former Wife was under no obligation to seek the court's permission to relocate as the agreement and the final judgment were both silent on the relocation issue. According to the Former Wife, the only issues before the court were the modification of the visitation provision and the modification of the child support award. She further pointed out that the Former Husband had not requested custody of the children, had not sought a permanent injunction prohibiting her from relocating, and had not sought a modification of the final judgment to include a relocation restriction. The Former Husband argued that the Former Wife had impliedly raised the relocation issue in her petition for modification and that the trial court should consider the statutorily enumerated factors in deciding whether to allow her to relocate the children.
In its order, the trial court determined that it did have jurisdiction to consider the relocation issue, finding: "The Mother inherently raised the issue of relocation in her Supplemental Petition by alleging the basis of the substantial change in circumstances to include relocating with the children to the state of Texas." The order further concluded that the Former Husband had also raised the issue in his motion for a temporary injunction. The trial court made specific factual findings related to the factors listed in section 61.13(2)(d), Florida Statutes (2004), and concluded that both the Former Wife's petition for modification and the Former Husband's petition for modification should be denied. The Former Wife appeals the denial of her petition; however, the Former Husband does not appeal the denial of his.
The Former Wife argues first that the trial court was without jurisdiction to consider the relocation issue and that, on that basis, we should reverse. We decline to do so. The agreement and the final judgment are silent as to any relocation restriction. This silence has been found sufficient to justify relocation without the trial court's permission so long as the move was not made with the intent to deprive the father of his visitation rights. See Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989); see also Bartolotta v. Bartolotta, 703 So.2d 1229, 1230 (Fla. 4th DCA 1998) ("Several courts have held that a relocation by the custodial parent without prior approval of the court is not per se improper where the final judgment does not prohibit such relocation.").
However, the final judgment and the agreement here did grant the Former Husband specific, not general, visitation *1041 rights.[1] Such specificity has been held to impliedly require the moving spouse to obtain the trial court's permission prior to relocation even when the final judgment and marital settlement agreement are silent. See Shafer v. Shafer, 898 So.2d 1053, 1057 (Fla. 4th DCA 2005) (stating that if the relocation would prohibit the father from exercising the specific visitation provisions included in the final judgment, there was an implied restriction on the relocation of the children without consent or court approval). Since the final judgment in this case does specify visitation times, the trial court was correct in concluding that there was an implied requirement in the final judgment that the Former Wife obtain prior approval before relocating. Although the Former Wife's petition did not directly request that approval, her petition for modification did impliedly raise the issue, and the trial court had jurisdiction to rule on it.
In determining whether the request for permission to relocate should be granted, the trial court must consider the factors outlined in section 61.13(2)(d), which include whether there is a substitute visitation schedule that will be "adequate to foster a continuing meaningful relationship between the child and the secondary residential parent," § 61.13(2)(d)(4).
The trial court here found: "The substitute visitation offered by the Mother will be inadequate to foster a continuing meaningful relationship at the same level that currently exists between the Father and the minor children." (Emphasis added.) Additionally, the trial court found that "the Mother's move to Texas would certainly impede the parties [sic] ability to implement the parenting plan designed in the Marital Settlement Agreement." (Emphasis added.)
From these findings, we conclude that the trial court applied the wrong standard in measuring the substitute visitation schedule. This factor is not to be decided on the basis of whether "the same degree of frequent and continuing contact would be maintained." Wilson v. Wilson, 827 So.2d 401, 403 (Fla. 2d DCA 2002). More recently this court has observed,
[i]f the fourth factor required that the substitute visitation would result in the "same type of relationship," it is doubtful that relocations would ever be permitted; a move of any significant distance necessarily means that the relationship and contact will not be the same type or to the same degree as existed before the move. Rather, the focus of the fourth factor is whether the substitute visitation is adequate to allow the parent to maintain a "continuing meaningful relationship" with the child. § 61.13(2)(d)(4).
Buonavolonta v. Buonavolonta, 846 So.2d 649, 651 (Fla. 2d DCA 2003).
The language of the trial court's order here indicates that the trial judge was improperly measuring the substitute visitation schedule against the schedule provided for by the final judgment and was looking at frequency and level of contact. Accordingly, the trial court's conclusion must be reversed, and on remand, the trial court must consider the petition using the proper standard.
Furthermore, on remand, the trial court should express its order in light of the issue being resolved. Since the trial court determined that the proper issue before the court was whether the Former *1042 Wife's request to relocate the children to Texas should be granted, the final order should be stated in those terms. The order currently before us does not actually deny the request, nor does it make the temporary injunction permanent. It only denies the Former Wife's petition for modification of the final judgment.
Also troublesome is the fact that the trial court's order does not discuss the factual issues related to the request for modification of the child support provision. After several paragraphs of findings of fact related to the relocation issue, a separate paragraph of the order states: "The Court does not find a substantial change in circumstances and therefore, denies the Mother's Supplemental Petition for Modification." This provision is read as the trial court's denial of both requested modifications. Because our review of such a denial is based on an abuse of discretion standard, Seward v. Fla. Dep't of Revenue, 794 So.2d 614 (Fla. 2d DCA 2001), and our review of the record discloses competent, substantial evidence to support the trial court's denial of the requested modification of the child support provision, we affirm the trial court's denial of that portion of the petition.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
SALCINES and CANADY, JJ., Concur.
NOTES
[1] Language that would be considered general visitation rights would be the standard "reasonable and liberal" visitation rights. See Hayes v. Hayes, 578 So.2d 54 (Fla. 2d DCA 1991).