932 So.2d 549 (2006)
Candace Crosby LANCASTER, Appellant,
v.
Johnny Shane Randall BRILEY, Appellee.
No. 1D05-4784.
District Court of Appeal of Florida, First District.
June 27, 2006.
Michael L. Edwards, Jacksonville, for Appellant.
*550 Walter R. Stedeford, Jacksonville, for Appellee.
WOLF, J.
Candace Lancaster (the mother) seeks review of the final order denying her petition for relocation of her minor child. We reverse the order of relocation for two reasons: (1) one of the trial court's critical findings is not supported by competent substantial evidence; and (2) the trial court applied the wrong standard in determining whether substitute visitation could foster a meaningful relationship with the minor child.
The parties divorced in 2003, and the mother filed the petition on November 15, 2004, to relocate the parties' 4-year-old son from Jacksonville, Florida, to Blairsville, Georgia.
In her petition seeking relocation, the mother stated that, due to her recent divorce, she would become the sole provider to her children and would be required to find adequate housing and daycare above the level she could afford. Further, the petition for relocation stated that the move would (1) enable her to find better employment and housing; and (2) enable her parents to become the child's daycare provider.
At the hearing on the petition, substantial, unrefuted evidence was presented that the child's quality of life would be much improved in Blairsville, Georgia. Namely, the evidence presented established that (1) the mother was able to procure a large town-home in a well established neighborhood which offered tutoring, movies, and a curfew for her children at the cost of $400.00 monthly in Georgia while in Jacksonville, a smaller town-home in a questionable neighborhood would cost approximately $800.00 monthly; (2) her parents were providing daycare for both her children at no cost, saving her a total of $800.00 monthly and increasing the children's familial connections; (3) her new work schedule enabled her to spend more time with the children, a feat that could not have been accomplished in Jacksonville where she was required to work six days a week until 7:00 at night; (4) she had obtained employment with an obstetrician who was financing her medical certification, and she could not have found similar employment in Jacksonville; (5) the child was happy in his new home and enjoyed the extra space and better living environment; (6) the father retained visitation for 6 weeks in the summer and holidays and was able to visit his son in Georgia; and (7) the father's child support payments had been reduced significantly to aid in transportation costs. However, despite the aforementioned evidence, the trial court denied the petition for relocation and expressly found "there was no evidence that the wife and child's quality of life was improved...."
In cases where a final judgment of divorce incorporates an express prohibition against relocation, the moving party must show a change of circumstances in order to justify relocation. See Landingham v. Landingham, 685 So.2d 946 (1996). Specifically, the moving party must show (1) that the circumstances have substantially and materially changed since the original custody order; (2) the child's best interests justify altering the custody order; and (3) the change is not one that was contemplated at the time of the custody determination. See Wade v. Hirschman, 903 So.2d 928 (Fla.2005). See Mize v. Mize, 621 So.2d 417 (Fla.1993).
In making a determination as to whether the primary residential parent may relocate with a child, section 61.13(2)(d), Florida Statutes (2005), requires the court consider the following factors:

*551 1. Whether the move would be likely to improve the general quality of life for both the residential parent and the child.
2. The extent to which visitation rights have been allowed and are exercised.
3. Whether the primary residential parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child and the secondary residential parent.
5. Whether the cost of transportation is financially affordable by one or both parties.
6. Whether the move is in the best interests of the child.
Thus, one of the critical issues is whether the proposed move is in the best interest of the child. In its order denying the appellant's request for relocation, the trial court stated no evidence was presented as to this issue. However, the unrefuted evidence of improved quality of life previously cited was seemingly overlooked by the trial court and strongly supports granting the mother's petition. We, therefore, cannot say competent substantial evidence supports this critical finding by the trial court.
We also find that the trial court erred when it applied the incorrect legal standard in regards to whether a substitute visitation could foster a "continuing meaningful relationship" between the appellee and the minor child. The proper standard in considering whether a substitute visitation schedule can support relocation is not whether the schedule can provide the same degree and frequency of visitation but whether the schedule can foster a "continuing meaningful relationship" between the non-custodial parent and the minor child. See Wilson v. Wilson, 827 So.2d 401, 403 (Fla. 2d DCA 2002). If the former standard were applied, no requests for relocation could meet the required showing. Id. In its order denying the appellant's request for relocation, the trial court continually stated that the current level of visitation could not be duplicated if the child were to move to Georgia. Thus, on remand, the relevant inquiry should be whether this substantial amount of visitation can foster a continuing and meaningful relationship with the child. We, therefore, remand for consideration of the issue by the trial court.
REVERSED AND REMANDED.
PADOVANO and POLSTON, JJ., concur.