51 So.3d 559 (2010)
Shelley A.E. CROMBIE, Appellant,
v.
Ian WILLIAMS, Appellee.
No. 3D09-567.
District Court of Appeal of Florida, Third District.
December 22, 2010.
Rehearing Denied February 3, 2011.
Charmaine C. Powell, Miami, for appellant.
Diane H. Tutt, Davie, for appellee.
Before WELLS, SHEPHERD, and LAGOA, JJ.
WELLS, Judge.
Shelley A.E. Crombie appeals from a "Final Judgment on Time Sharing," denying her petition to relocate to Jacksonville with the minor child. Finding no abuse of discretion, we affirm but do so with instructions.
In September 2003, Crombie gave birth, out of wedlock, to NIW. A little over a year later, in November of 2004, Ian Williams petitioned against his ex-girlfriend to establish paternity, custody, and child support of this child. In April of 2006 a final judgment establishing Williams as the father and designating Crombie as primary residential parent was entered. That judgment also set a visitation schedule for Williams while reserving jurisdiction to determine a child support award. It further provided that neither party could relocate NIW without the other's agreement or a court order:
14. Neither the Mother nor the Father may relocate the child's residence outside of Miami-Dade or Broward County without written agreement of the other parent or Court Order.
Crombie subsequently lost her job and decided to live with family in Jacksonville. On September 22, 2007, she filed a notice of intent to relocate. By the time Williams received the notice two days later, Crombie *560 had already left South Florida with NIW. Williams immediately sought NIW's return, which resulted in a contempt order against Crombie for violating the final judgment's relocation clause.
Crombie thereafter sought relief from the final judgment and petitioned the court for permission to relocate to Jacksonville. Williams sought both an order redetermining time-sharing with NIW and also changing custody to name him as primary residential parent. Crombie's motion to modify or for authority to relocate was denied; Williams' motion for redetermination of time-sharing was granted with NIW being placed in his home in Miami while Crombie was in Jacksonville.
We find no abuse of discretion in the trial judge's decision that staying in South Florida was in the child's best interest and denying relocation. We also find no abuse in adjusting the parties' visitation schedule. See Muller v. Muller, 964 So.2d 732, 733 (Fla. 3d DCA 2007) ("We review a trial court's order regarding relocation under an abuse of discretion standard. Botterbusch v. Botterbusch, 851 So.2d 903, 904 (Fla. 4th DCA 2003) (citing Dorta-Duque v. Dorta-Duque, 791 So.2d 1148, 1149 (Fla. 3d DCA 2001))."); Fredman v. Fredman, 917 So.2d 1038, 1041 (Fla. 2d DCA 2006) (instructing that where court approval was required "the trial court must consider the factors outlined in section 61.13(2)(d)"); Buonavolonta v. Buonavolonta, 846 So.2d 649, 651-52 (Fla. 2d DCA 2003); Hardwick v. Hardwick, 710 So.2d 124, 125 (Fla. 4th DCA 1998); see also § 61.13(2)(d), Fla. Stat. (2006) (concluding in part, "No presumption shall arise in favor of or against a request to relocate when a primary residential parent seeks to move the child and the move will materially affect the current schedule of contact and access with the secondary residential parent"). We therefore affirm the order on appeal but in doing so confirm, as the trial judge concluded, that the order does not constitute a custody modification. Thus, no showing of a substantial change in circumstances is necessary to reinstate the original visitation schedule (that is, the original schedule with the child residing in Crombie's home) if Crombie returns to South Florida.
On remand, the court below shall also determine, on an expedited basis, Crombie's pending petition for child support.[1] This decision shall take effect immediately and the mandate issue simultaneously with *561 this opinion without regard to any motion for rehearing.
Affirmed with instructions.
LAGOA, J., concurs.
SHEPHERD, J., concurring in part, dissenting in part.
I agree the trial court did not abuse its discretion in denying Shelley Crombie's motion to relocate to Jacksonville with the minor child. That, of course, is the only issue before us. However, because the majority implies that some force other than herself is responsible for the mother's predicament and sua sponte remands for a determination of child support, I write to offer the following additional considerations to balance the majority's digression.
In her Notice of Intent to Relocate with a Child, Crombie provides her reasons for relocating are:
Mother is finding it difficult to live in South Florida with no support system. She is not receiving any child support from child's father and cannot afford to pay for daycare for said child by herself. Cost of living is less in Jacksonville so mother feels it will be easier to purchase a home in Jacksonville.
Furthermore, Crombie complains she is unable to find work in South Florida and has been unemployed since March 2007. The record, however, reveals that: (1) the mother's employer, Spectrum Programs, recalled her to employment just one month after she was laid off, but, according to the trial court in the Final Judgment on Timesharing, "she failed to report," making it "her actions that caused her unemployment;" (2) contrary to her allegations in her Notice of Intent to Relocate with a Child, Crombie admitted at the hearing on the petition to relocate that Williams had been voluntarily paying some child support to the mother monthly (with one exception) since February 6, 2006, "even though there was no court order for him to do so, and even though the minor child was with the Father seven (7) nights out of fourteen (14)"; and (3) although Crombie filed a Motion to Establish Child Support in September 2006 and has been continuously represented by counsel in these proceedings since their commencement on November 18, 2004, (except for a period of sixty days immediately after she left for Jacksonville unannounced, causing her counsel to withdraw), she has not actively pursued the motion for hearing or otherwise sought to challenge the amount of the father's voluntary monthly payments.
I am not unmindful of the several good reasons why Crombie wishes to move to Jacksonville. I write only to remark that we tread on dangerous ground when we opine on matters not before us, and express my belief it is as likely as not in this case that Crombie has been, at least to some extent, the author of her own undoing.
With these additional considerations, I concur in the decision of the majority, with the exception, of course, of the majority's sua sponte remand for a determination of child support when the issue is not before us.
NOTES
[1] Crombie in her notice of intent to relocate identified as one of her reasons for relocating, William's failure to pay any child support. Her motion at that time reflected that by the parties' own numbers, Williams was earning $3692.06 a month, twice the amount ($1677.94) that she had earned, and yet she was receiving only $300 a month from him. Subsequent financial materials reflected that Williams was earning more than $3692.06, while Crombie had become unemployed.

The February 2, 2009 order under review observed that there was "evidence of payments by the father even though there was no court order for him to do so." However, that order in no manner addressed the amount or sufficiency of those payments, but rather provided only:
L. Child Support issues were referred by this Court to the Hearing Officer, and those issues are reserved to be heard by the Hearing Officer.
It is inherently inequitable to require a parent, already designated the child's primary residential parent and claiming relocation is necessary for financial reasons, to make a relocation decision without receiving needed and due child support. Expedited resolution of this issue, therefore, is imperative. See Miller v. Schou, 616 So.2d 436, 439-40 (Fla. 1993) (McDonald, J. concurring) ("[T]he setting of reasonable child support, whether initially or on modification, should not be a complicated affair. Needs and abilities are not that difficult to define. Hence, it should be done expeditiously and relatively inexpensively.").